OPINION OF THE COURT
Kibbie F. Payne, J.
The proposed intervenor “John Doe”* moves for leave to intervene in a special proceeding brought by petitioners the Public Relations Society of America, Inc. (PRSA) and Catherine A. Bolton to obtain preaction disclosure pursuant CPLR 3102 (c) in connection with their intention to commence an action for defamation against the sender of an alleged defamatory e-mail. Intervention is sought by “John Doe” for the purpose of filing a motion to dismiss the petition for preaction disclosure. In support of his motion, “John Doe” has submitted a copy of the intervention motion to dismiss and an accompanying memorandum of law. Additionally, “John Doe” seeks an order vacating a judgment of this court, entered on default, which granted petitioners’ application for preaction disclosure of documents in the custody and control of the Internet provider respondent Road Runner High Speed Online, which would disclose the identity of “John Doe.” The documents, consisting of identifying account holder information, relate to the IP address from which the alleged defamatory e-mail was sent. The attorney for “John Doe” by affirmation asserts that her client, “John Doe,” informed her he sent the subject e-mail. However, “John Doe” seeks to maintain his anonymity, contending that petitioners have not demonstrated a prima facie cause of action sounding in defamation entitling them to preaction relief under CPLR 3102 (c).
Initially, on November 16, 2004, pursuant to CPLR 3102 (c), petitioners moved for an order (1) directing Road Runner to produce all documents concerning the individual who used the IP address 66.108.84.160 at the time the subject e-mail was sent *822 on October 18, 2004, and (2) directing Road Runner to produce all documents in its custody or control relating to the e-mail sent from prsa_stafftmail.com. In response, this court granted petitioners’ request for a temporary restraining order prohibiting respondent Road Runner from erasing, destroying or otherwise disposing of documents relevant to petitioners’ request, pending the hearing of the motion scheduled for November 24, 2004. Thereafter, when Road Runner failed to appear at the hearing of the motion, or otherwise contest the motion, the court granted the remainder of the petitioners’ application on default, by directing Road Runner to produce the documents relating to petitioners’ request. Upon learning of petitioners’ motion to obtain his account information, “John Doe” filed an order to show cause, seeking to intervene in this proceeding and requesting a stay of the judgment granting disclosure on default. The stay was granted on December 14, 2004 and the motion marked “submitted.” In addition, “John Doe” requests that the November 24, 2004 judgment, entered on default on December 22, 2004 and granting disclosure, be vacated.
The question of whether petitioners have sufficiently stated a cause of action for defamation, for the purpose of obtaining preaction disclosure of “John Doe’s” identity, is dispositive of the present application. Therefore, the court will first address the merits of petitioners’ request for preaction disclosure.
CPLR 3102 (c) with court order authorizes disclosure prior to the commencement of an action to “aid in bringing an action.” This includes disclosure to identify potential defendants (Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346 [2000]; Stump v 209 E. 56th St. Corp., 212 AD2d 410 [1995]; Stewart v New York City Tr. Auth., 112 AD2d 939 [1985]). This rule is also available to obtain facts not within the petitioner’s knowledge in order to determine the form that the action should take in framing the complaint (see Matter of Banco de Concepcion v Manfra, Tordella & Brooke, 70 AD2d 840 [1979]; Matter of Pelley, 43 Misc 2d 1082 [1964]). Before a petitioner can obtain such discovery, however, he or she must demonstrate that they have “a meritorious cause of action and that the information sought is material and necessary to the actionable wrong” (Liberty Imports v Bourguet, 146 AD2d 535, 536 [1989]; see also Wien & Malkin v Wichman, 255 AD2d 244 [1998]; Murjani v Ming, 155 AD2d 290 [1989]). There are four elements essential to establishing a cause of action for defama *823 tion. (See Restatement [Second] of Torts § 558.) These elements are: (1) a false statement, (2) publication without privilege or authorization to a third party, (3) by at least a negligence standard of fault, and (4) the statement either causes special damages or constitutes defamation per se (see Dillon v City of New York, 261 AD2d 34, 38 [1999]).
Upon reading the subject e-mail, this court finds that petitioner PRSA has not stated a claim for defamation in its own right. However, the court does find that petitioner Bolton has a cause of action. With respect to petitioner PRSA, it is well settled that preaction disclosure may not be used to discover whether or not a claim exists (see Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346 [2000]). The e-mail was addressed to the PRSA Board and “John Doe” alleges the e-mail was transmitted only to members of the PRSA Board. PRSA has presented no evidence to contradict “John Doe’s” assertion regarding the extent of publication of the e-mail and, in fact, seeks discovery for the express purpose of ascertaining to whom the e-mail was sent. Therefore, PRSA has not shown that the e-mail was published to anyone outside of the PRSA Board.
An essential element of a claim for libel is publication of the defamatory statement to a third party. Petitioner, accordingly, must plead that the offending statements were published to a third person. Words are “published” within the meaning of the law of libel when they are read by someone other than the person libeled and the person making the charges (see, e.g., Hirschfeld v Institutional Inv., 208 AD2d 380, 381 [1994]). PRSA has failed to allege that the statement was published to a third party; therefore, petitioner PRSA has not established its right to preaction disclosure.
A written statement is libelous per se if it tends to “expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society” (see, Foster v Churchill, 87 NY2d 744, 751 [1996], quoting Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977], cert denied 434 US 969 [1977]). In this regard, the e-mail statement may be reasonably interpreted as disparaging petitioner Bolton in her profession because it maligns her competence or fitness for the positions she holds as PRSA’s executive director and chief of operations. Counsel for “John Doe” argues that Bolton has not demonstrated a prima *824 facie claim because her allegations are conclusory and she has not stated in what manner the e-mail is defamatory, or that she has been harmed as a result of its publication. The court, however, is unpersuaded by “John Doe’s” arguments.
It is well settled that no allegation of special damages is required when the statement complained of is libelous per se (Rinaldi v Holt, Rinehart & Winston, 42 NY2d, supra at 379, quoting Sydney v MacFadden Newspaper Publ. Corp., 242 NY 208, 211-212 [1926]; see, also, Tracy v Newsday, Inc., 5 NY2d 134, 135-136 [1959]; Hogan v Herald Co., 84 AD2d 470, 474 [1982], affd 58 NY2d 630 [1982]; Kleeberg v Sipser, 265 NY 87, 91 [1934]). On the other hand, in this preaction stage, petitioner Bolton has sufficient information through the allegations of the petition to frame a defamation complaint for a claim in damages predicated upon libel per se. Indeed, when making the determination as to whether a statement is capable of defamatory meaning, the writing is not to be construed with the close precision expected from lawyers and judges, but as the words would be read and understood by those to whom it is addressed (see, e.g., November v Time Inc., 13 NY2d 175, 178-179 [1963]).
The e-mail statement was sent on October 18, 2004 under the pseudonym “Catherine Hater.” It is addressed to “Dear 2004 Board” and signed “Anonymous Staffer.” The subject line of the e-mail is designated as: “Staff Morale at an All-Time Low.” The tenor of the statement is angry and its context suggests that it is a response to an “employee survey” which the sender characterizes as “flawed.” The sender is critical of the PRSA Board for not having included Bolton in the survey. On this point, neither petitioner has presented evidence in this proceeding which would permit this court to reach any conclusion concerning the truth or falsity of the statement’s content, or whether this e-mail was sent in response to some internal employment review process that might, presumably, shield the statement as privileged (see, e.g., Foster v Churchill, 87 NY2d 744, 751-752 [1996]; Liberman v Gelstein, 80 NY2d 429, 437 [1992]). Upon a favorable reading of this e-mail, the court has no difficulty in concluding that the e-mail statement provides petitioner Bolton with a cause of action for libel and that the e-mail statement, on its face, is libelous per se. The e-mail suggests Bolton’s general inability to manage the organization and that her competency is limited to managing a budget and delivering “a powerful presentation with Powerpoint.” The statement attributes insincerity and dishonesty to Bolton in her *825 dealings with the PESA staff and Board. The author concludes the e-mail with a declaration that the Board should “boot Bolton and pay her severance” because she is not competent to be the executive director.
The question of “whether the statements complained of are ‘reasonably susceptible of a defamatory connotation’, thus warranting submission of the issue to the trier of fact” must be resolved in the first instance by the court (Sildorf v Levine, 59 NY2d 8, 12-13 [1983]; James v Gannett Co., 40 NY2d 415, 419 [1976]). The alleged defamatory words “must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction” (Aronson v Wiersma, 65 NY2d 592, 594 [1985]). Additionally, the e-mail must be viewed as a whole and the context in which it is written in a light most favorable to petitioner (see McCummings v New York City Tr. Auth., 81 NY2d 923, 926 [1993], cert denied 510 US 991 [1993]; Matter of Ero v Graystone Materials, 252 AD2d 812, 814 [1998]). Clearly, the e-mail statement is actionable because it disparages Bolton before her employers and the statement asserts her general incompetency in her job performance which is “incompatible with the proper conduct of [Bolton’s profession]” (Golub v Enquirer/Star Group, 89 NY2d 1074, 1076 [1997]; Liberman v Gelstein, 80 NY2d 429, 436 [1992]; Sanderson v Caldwell, 45 NY 398, 405 [1871]).
Moreover, on what constitutes libel per se, the Appellate Division, First Department, has stated that where the plaintiff sued defendant for the dissemination of statements that allegedly defamed plaintiff, in his profession, “plaintiff sufficiently stated a claim of libel per se where the defendant attributed to him specific acts suggesting the plaintiffs unfitness for his professional role” (see, Chiavarelli v Williams, 256 AD2d 111, 113 [1998]). Based on all the foregoing, this court finds that petitioner Bolton has a cause of action for defamation that withstands “John Doe’s” motion to dismiss.
Thus, Bolton is entitled to disclosure pursuant to CPLE 3102 (c); however, proposed intervenor “John Doe” alleges that the anonymous statements are constitutionally protected under the freedom of speech protections under the First Amendment of the United States Constitution. On this issue, “John Doe” maintains that, even if the e-mail is construed as defamatory, *826 his statement is constitutionally protected. A person has the right to express his sentiments before the general public. Freedom of speech is an essential right of individuals residing within any free society; however, when a person publishes what is illegal, offensive or improper, he is obligated to incur the consequences for his actions. It is true that an expression of pure opinion is not actionable, because it receives the federal constitutional protection accorded to the expression of ideas, no matter how vituperative or unreasonable it may be (see, Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; Parks v Steinbrenner, 131 AD2d 60, 62 [1987]). Additionally, First Amendment protection of opinion speech has, on at least one occasion, been extended to protect anonymous speech on the Internet (see In re Subpoena Duces Tecum to Am. Online, Inc., 52 Va Cir 26 [Va Cir Ct 2000], revd on other grounds 261 Va 350, 542 SE2d 377 [2001]). Nevertheless, the United States Supreme Court has excluded libelous statements from the realm of constitutionally protected speech (see, Beauharnais v People of State of Illinois, 343 US 250, 266 [1952]). This court is concerned with a balancing of the State’s interest in protecting its citizens of potentially actionable communications on the Internet against the interest of an individual to speak anonymously. In In re Subpoena Duces Tecum to Am. Online, Judge Klein wrote (at 34-35):
“The protection of the right to communicate anonymously must be balanced against the need to assure that those persons who choose to abuse the opportunities presented by this medium can be made to answer for such transgressions. Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights.”
The subject of the e-mail statement is not an expression of “pure opinion.” Rather, it is a statement of “mixed” opinion because it tends to characterize Bolton as an incompetent professional. There are portions of the e-mail which constitute pure opinion, because the statements are “accompanied by a recitation of the facts upon which it is based. An opinion not accompanied by such a factual recitation may, nevertheless, be ‘pure opinion’ if it does not imply that it is based upon undisclosed facts” (Steinhilber v Alphonse, supra at 289, citing Ollman v Evans, 750 F2d 970 [1984], cert denied 471 US 1127 [1985]; Buckley v Littell, 539 F2d 882, 893 [1976], cert denied *827 429 US 1062 [1977]; Restatement [Second] of Torts § 566, Comment c). “When, however, the statement of opinion implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, it is a ‘mixed opinion’ and is actionable” (Steinhilber v Alphonse, supra at 289; see also Kelleher v Corinthian Media, 208 AD2d 477 [1994]). For example, the subject e-mail in pertinent part reads as follows: “Here’s my take, which is shared by many: Catherine can manage a budget and deliver a powerful presentation with Powerpoint. That’s it. She is a fast-talking nonstrategic PR person. She cannot manage or lead an organization. Her quarterly reports to staff are garbage, often met with rolling eyes . . . .” The writer of the e-mail implies that his opinion, as a whole, is shared by other persons in the organization, who are not named. Thus, there is a basis on which the reader can evaluate the opinion of others alleged to share the same views as the writer of the e-mail. Such statements of mixed opinion are actionable.
Finally, in determining whether the First Amendment prevents discovery of identifying Internet user information, courts have considered a number of factors. For example, a five-factor disclosure evaluation test was articulated in Sony Music Entertainment Inc. v Does 1-40 (326 F Supp 2d 556, 564 [2004]). These factors include: (1) whether the claimant has shown a prima facie cause of actionable harm, (2) whether the discovery request was sufficiently specific as to be reasonably likely to lead to the identifying information, (3) whether there was an alternative means to obtain the information, (4) if the information sought was central and necessary to advance the claim, and (5) if the defendant had any reasonable expectation of privacy in the identifying information (id. at 566). When all of the foregoing factors are applied in this proceeding, they weigh in favor of the disclosure sought. Furthermore, apart from the perfunctory claim of a need for anonymity, “John Doe” fails to set forth any basis for a legitimate expectation of privacy for his Internet account information. Nor has “John Doe” presented any other valid basis for preserving his anonymity. This court finds petitioner Bolton has a cause of action predicated upon libel against “John Doe” and that the requested disclosure is essential in framing the complaint and to identify the potential defendant who wrote the offending e-mail. As a result, there is no basis to grant the intervenor’s motion to dismiss the petition for preaction disclosure.
Accordingly, it is ordered that the proposed intervenor’s application for an order seeking to vacate the judgment entered *828 December 22, 2004, directing respondent Road Runner to produce documents identifying the Internet user of IP address 66.108.84.160, is, in all respects, denied and the temporary restraining order is lifted.

 Although not yet disclosed to the petitioners, the identity of the proposed intervenor “John Doe” has been disclosed to the court following an in camera hearing in connection with the intervenor’s application to proceed anonymously.