OPINION OF THE COURT
Marcy S. Friedman, J.
This is a proceeding for preaction discovery brought by petitioner Pamela Greenbaum against respondent Google, Inc., pursuant to CPLR 3102 (c). Google is an Internet service provider that maintains an Internet Web site known as Blogger and Blogspot.com for the hosting of Internet blogs. Petitioner, an elected member of the school board of Lawrence, Long Island, alleges that she was defamed by comments made by an anonymous operator on Google’s Web site of a blog known as “Orthomom” and by anonymous commentators who posted statements on the Orthomom blog. Petitioner seeks disclosure from Google of data identifying Orthomom and the anonymous commentators. On the initial appearance date, the parties entered into a stipulation in which Google agreed to produce the requested information “unless a third party appears and objects to such production and unless otherwise ordered by the Court.” The stipulation further provided for Google to provide a copy of the order to the person operating the blog known as Orthomom. On its own motion, the court issued an order notifying the operator of the blog that failure to appear on the scheduled adjourned date “may result in relief against him/her by default,” and directing service of the order to the operator of the blog by regular and certified mail or by e-mail. On the adjourned date, Orthomom appeared anonymously by pro bono counsel, and moved for leave to intervene. By order on the record on April 19, 2007, the court granted Orthomom’s motion, subject to disclosure to the court of Orthomom’s identity by production for in camera review of the retainer agreement between Orthomom and her counsel. That condition was complied with.
Google confirmed at the oral argument of the motion to intervene that because many people seek information from Google, “Google leaves it to those people to come in and protect their own interests. However, Google always requests that they be given notice ... so they can appear.” (Apr. 19, 2007 transcript at 9.) It is thus clear that Google does not represent the interests of people who anonymously operate blogs or anonymously make comments on blogs maintained on Google’s Web site. As discussed more fully below, these bloggers’ interests in speaking anonymously implicate the First Amendment. (See *187 McIntyre v Ohio Elections Comm’n, 514 US 334 [1995].) Intervention was therefore warranted.[1] (See CPLR 1002.)
The appellate courts of this State have not articulated the standards that should govern applications for the disclosure of the identities of anonymous Internet speakers. Courts elsewhere have repeatedly recognized that the First Amendment protects the right to participate in online forums anonymously or under a pseudonym, and that anonymous speech can foster the free and diverse exchange of ideas. (See e.g. Sony Music Entertainment Inc. v Does 1-40, 326 F Supp 2d 556 [SD NY 2004]; Best Western Intl., Inc. v Doe, 2006 WL 2091695, 2006 US Dist LEXIS 56014 [Ariz 2006].) The cases also recognize, however, that the right of anonymous speech is not absolute and cannot shield tortious acts such as defamation. In determining applications for the disclosure of the identities of anonymous Internet speakers, the courts therefore perform a balancing test between the interest of the plaintiff in seeking redress for grievances (in the case of defamation, protection of the plaintiffs reputation) and the First Amendment interest of the speaker in anonymity. (See e.g. Columbia Ins. Co. v Seescandy.com, 185 FRD 573, 578 [ND Cal 1999]; Dendrite Intl., Inc. v Doe No. 3, 342 NJ Super 134, 775 A2d 756 [2001]; Matter of Baxter, 2001 WL 34806203, 2001 US Dist LEXIS 26001 [WD La 2001].)
Intervenor urges that this court follow Dendrite in deciding Greenbaum’s disclosure request. Dendrite requires that the anonymous Internet speakers be given notice of the application for discovery of their identities and an opportunity to be heard in opposition, and that the plaintiff specify the particular statements that are alleged to be defamatory. (342 NJ Super at 141, 775 A2d at 760.) The court agrees with these requirements and has followed them here. Dendrite also conditions disclosure of the speakers’ identities on an evidentiary showing of the merits of the plaintiffs proposed defamation cause of action.[2] While Dendrite is persuasive authority, the court need not reach the *188 issue of the quantum of proof that should be required on the merits because, here, the statements on which petitioner seeks to base her defamation claim are plainly inactionable as a matter of law.
Under the well settled law of New York, even where constitutional interests are not at stake, the proponent of preaction disclosure must demonstrate that it has a meritorious cause of action. CPLR 3102 (c) authorizes disclosure before an action is commenced “to aid in bringing an action . . . but only by court order.” Such disclosure may be appropriate to identify potential defendants. (Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347 [1st Dept 2000].) However, “disclosure in advance of service of a summons and complaint is available only where there is a demonstration that the party bringing such a petition has a meritorious cause of action and that the information being sought is material and necessary to the actionable wrong.” (Liberty Imports v Bourguet, 146 AD2d 535, 536 [1st Dept 1989]; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939 [2d Dept 1985].)
The Orthomom blog “is devoted to issues within both the Five Towns community on Long Island and the larger community of Orthodox Jewry. . . . The blog’s main author is Orthomom, who identifies herself as an Orthodox Jewish parent of school-age children in the Five Towns.” (Intervenor mem in opposition at 3.) Orthomom posts the main articles and others may post comments in their own names or anonymously, at their option. This case involves statements on the blog concerning Pamela Greenbaum, an elected member of the school board of the Lawrence, Long Island, public schools, who has opposed the use of public school funds for educational programs for *189 private school children within the district. In the January 11, 2007 article which is the basis for Greenbaum’s defamation claim, Orthomom criticized Greenbaum’s position that public school teachers may teach nonpublic school students only if they are not being paid with public funds. Orthomom concluded with the following statement that petitioner claims is actionable: “Way [for Greenbaum] to make it clear that you have no interest in helping the private school community.” Various anonymous commentators responded with the following statements which petitioner claims are also actionable: “Pam Greenbaum is a bigot and really should not be on the board,” and “Greenbaum is smarter than she seems. Unfortunately, there is a significant group of voters who can’t get enough of her bigotry.”
In her petition for preaction disclosure, Greenbaum, who identifies herself as Jewish, contends that Orthomom made defamatory statements that Greenbaum is “a ‘bigot’ and an ‘antisemite’ for my positions advocating against the use of public school district funds for private school interests.” (Petition ¶ 6.) Greenbaum’s petition alleges that “ ‘Orthomom’ wrote that my concern [about the legality of using school district funds for private school students] revealed an anti-semitic agenda, given that over fifty percent of our district’s students attend private school, and the vast majority of those attend Yeshivas.” (Id. ¶ 7.) However, as subsequently clarified by Greenbaum’s papers in this proceeding, the specific statements that petitioner claims are defamatory are those quoted above. (Feder affidavit in opposition ¶ 37.) In fact, none of Orthomom’s own statements uses the words bigot or anti-semite to characterize Greenbaum’s position. The anonymous commentators’ statements use the word bigot not anti-Semite.
It is for the court in the first instance to resolve the legal question of whether particular words are defamatory. (Golub v Enquirer/Star Group, 89 NY2d 1074 [1997]; Aronson v Wiersma, 65 NY2d 592 [1985].) The court finds that Orthomom’s own statements comment on a matter of interest to her religious community and the public generally. Examining “the content of the whole communication as well as its tone and its apparent purpose” (see Steinhilber v Alphonse, 68 NY2d 283, 293 [1986]), as the court must do, the court further finds that Orthomom’s statements are not reasonably susceptible of a defamatory connotation. Greenbaum’s defamation claim against Orthomom reduces to the insupportable assertion that Orthomom implied that Greenbaum is an anti-Semite merely because Orthomom *190 disagreed with Greenbaum’s position on the use of public funding for a program that could have affected the Orthodox Jewish community.
Significantly, also, Orthomom’s statements, as well as those of the anonymous commentators, are protected opinion. Whether a statement expresses fact or opinion is a question of law for the court, to “be answered on the basis of what the average person hearing or reading the communication would take it to mean.” (Id. at 290.)
“[I]n determining whether a particular communication is actionable, [the courts] continue to recognize and utilize the important distinction between a statement of opinion that implies a basis in facts which are not disclosed to the reader or listener, and a statement of opinion that is accompanied by a recitation of the facts on which it is based.” (Gross v New York Times Co., 82 NY2d 146, 153 [1993] [citations omitted].)
The latter ordinarily are not actionable because “a proffered hypothesis that is offered after a full recitation of the facts on which it is based is readily understood by the audience as conjecture.” (Id. at 154.)
The statements of both Orthomom and the anonymous commentators are based on the single disclosed fact, the truth of which Greenbaum does not contest, that Greenbaum opposes the use of public school funds for programs for Yeshiva students and others who receive their full-time education at private schools. As such, the statements are readily identifiable as protected opinion. (See e.g. Immuno AG. v Moor-Jankowski, 77 NY2d 235 [1991], cert denied 500 US 954 [1991].)[3]
Nor does petitioner state an actionable claim for defamation based on articles posted by Orthomom on the blog subsequent to the January 11, 2007 article which precipitated this proceeding. These postings charge Greenbaum with falsely alleging in the instant action that Orthomom called her a bigot and an anti-Semite. (See Feder affidavit in opposition ¶ 37.) In a posting on February 16, 2007, Orthomom states she never called Greenbaum these names and points out that Greenbaum “might *191 be referring to something that a commenter on my site said.” In a posting on February 18, Orthomom quotes the allegations of the instant petition that Orthomom slandered Greenbaum by calling her a bigot and anti-Semite, notes that the allegations were made in a “sworn affidavit,” and characterizes the allegations as a “flat-out lie.” In a statement that Greenbaum claims is also defamatory, Orthomom concludes:
“How in the world does an elected official who expects to command the respect of her constituents put these falsehoods and blatant fabrications in a legal document, where disproving them in a court of law will be about as easy as it was here in this post? Is this the type of school board member we expect to present as a representative and role model to our students? Someone who would not hesitate to perpetuate falsehoods in a legal setting?” (Id.)
A claim of defamation may be based on an accusation that a person has committed the crime of perjury. (See Immuno AG., 77 NY2d at 244.) However, the statements in these postings about the allegations of the petition are incontrovertibly true, as Orthomom never defamed Greenbaum by stating or implying that she was a bigot or anti-Semite and, in fact, never used the words. This claim therefore is clearly not actionable.
As the parties to this proceeding acknowledge, the Lawrence school district has been the arena for a highly charged dispute between the public school minority, which Greenbaum represents, and the private school majority, over the extent to which the Lawrence public schools should serve the Orthodox Jewish community. The relief sought by Greenbaum, on the eve of a school board election, would have a chilling effect on protected political speech. Greenbaum’s request for disclosure of the identities of the anonymous Internet speakers must therefore be denied.
It is accordingly hereby ordered that the petition is dismissed.

. The anonymous commentators have not sought leave to intervene. Orthomom has represented that she voluntarily posted notice of the adjourned date on the blog, thus giving the commentators notice. The preferable procedure would have been for Google to have requested, and the court to have ordered, that notice of the proceeding be given not only to Orthomom but also to the anonymous commentators by e-mail to Orthomom as well as posting on the Orthomom blog.

. Under Dendrite, the court must not only review the proposed claims under a motion to dismiss standard to determine whether the plaintiff has a prima facie cause of action, but must also require the plaintiff to produce evi *188 dence sufficient to make a prima facie showing in support of each of the elements of the cause of action. (Id.) If the court concludes that the plaintiff has a prima facie cause of action, the court must then “balance the defendant’s First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant’s identity.” (342 NJ Super at 142, 775 A2d at 760-761; accord Best Western Inti., Inc. v Doe, 2006 WL 2091695, 2006 US Dist LEXIS 56014 [2006], supra [applying summary judgment standard].) Other cases apply a lesser standard but require a showing of the merits of the proposed cause of action before ordering disclosure of the identity of an anonymous Internet speaker. (See Music Entertainment Inc., 326 F Supp 2d at 564 [“concrete showing of a prima facie claim”]; Columbia Ins. Co., 185 FRD at 579 [motion to dismiss standard]; Baxter, 2001 WL 34806203, *12, 2001 US Dist LEXIS 26001, *38 [“a reasonable probability or a reasonable possibility of recovery” on the claim].)

. In view of this holding, the court need not reach the issue of whether, if the commentator’s statements were actionable, Orthomom could be held liable as the publisher. The applicability of the Communications Decency Act of 1996 (47 USC § 230 [c] [1]) to the operator of a blog has not been adequately briefed on this record.