OPINION OF THE COURT
Joan A. Madden, J.
In this special proceeding, petitioner seeks an order pursuant to CPLR 3102 (c) to compel pre-action disclosure directing respondents Google, Inc. and/or its subsidiary Blogger.com (hereinafter Google) to identify the person or persons (hereinafter the blogger or the anonymous blogger) who posted weblogs on Web sites under Google’s operation and control, which contained allegedly defamatory statements about petitioner (hereinafter the blog). Respondent Google essentially has no substantive opposition to the application.[1] Google, however, explains that by using the e-mail address indicated in the blog’s registration information, it provided the “author(s) of the Blog” with notice of this proceeding. Nonparty blogger has appeared anonymously through counsel and submits opposition papers.[2]
Petitioner alleges that on August 21, 2008, five different web-logs entitled “Skanks of NYC” were posted on Blogger.com together under the uniform resource locator http:// skanksnyc.blogspot.com, which included photographs, captions to the photographs and commentary solely about petitioner.[3] Petitioner asserts that the blog contains defamatory statements, including the use of the words “skank,” “skanky,” “ho” and “whoring,” which concern her appearance, hygiene and sexual
*947 conduct, and are malicious and untrue. Petitioner maintains that the blog constitutes defamation per se in that it impugns her chastity and negatively reflects on her business as a professional full-time model, and that she would be a plaintiff in a defamation action if she could ascertain the identity of the person or persons who created the blog and posted the remarks about her. Petitioner’s counsel states that his office has attempted to obtain the identifying information directly from Google, but Google is not willing to cooperate absent a court order.
In opposing petitioner’s application, the anonymous blogger contends that petitioner is not entitled to pre-action discovery because she cannot demonstrate a meritorious claim for defamation. The anonymous blogger asserts that the statements on the blog, which appear as captions to provocative photographs which the blogger alleges were posted by petitioner herself,[4] are “non-actionable opinion and/or hyperbole,” and that no reasonable viewer of the blog would conclude that the statements referring to petitioner purport to convey verifiable statements of fact. The blogger argues that the words “skank” and “ho” are not statements of objective fact which can be proved true or false; rather, the words are used in a “loose hyperbolic” manner, and “have become a popular form of ‘trash talk’ ubiquitous across the Internet as well as network television and should be treated no differently than ‘jerk’ or any other form of loose and vague insults that the Constitution protects.” The blogger further argues that even if the words are capable of a defamatory meaning, “the context here negates any impression that a verifiable factual assertion was intended,” since blogs “have evolved as the modern day soapbox for one’s personal opinions,” by “providing an excessively popular medium not only for conveying ideas, but also for mere venting purposes, affording the less outspoken, a protected forum for voicing gripes, leveling invective, and ranting about anything at all.”
*948 The law in New York governing pre-action discovery is well settled. CPLR 3102 (c) requires a court order for pre-action disclosure to aid in bringing an action or to preserve information. (See Matter of Uddin v New York City Tr. Auth., 27 AD3d 265, 266 [1st Dept 2006].) When a party seeks pre-action disclosure to secure additional information necessary to frame a complaint or to identify the proper defendant with respect to a known cause of action, “courts traditionally require a strong showing that a cause of action exists.” (Siegel, 1999 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C3102:5, 2004 Pocket Part, at 147.) “ ‘A petition for preaction discovery should only be granted when the petitioner demonstrates that he [or she] has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong.’ ” (Matter of Uddin v New York City Tr. Auth. at 266, quoting Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347 [1st Dept 2000]; accord Matter of Peters v Sotheby’s Inc., 34 AD3d 29, 34 [1st Dept 2006], lv denied 8 NY3d 809 [2007]; Matter of Bliss v Jaffin, 176 AD2d 106, 108 [1st Dept 1991]; Matter of Stewart v New York City Tr. Auth., 112 AD2d 939 [2d Dept 1985].) “As a general rule, ‘the adequacy of merit rests within the sound discretion of the court.’ ” (Matter of Peters v Sotheby’s Inc., at 34, quoting Mediavilla v Gurrnan, 272 AD2d 146, 148 [1st Dept 2000].)[5]
*949 Here, petitioner is entitled to pre-action disclosure of information as to the identity of the anonymous blogger, as she has sufficiently established the merits of her proposed cause of action for defamation against that person or persons, and that the information sought is material and necessary to identify the potential defendant or defendants. (See Matter of Uddin v New York City Tr. Auth., supra; Matter of Stewart v New York City Tr. Auth., supra.) The elements of a cause of action for defamation “are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se.” (Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]; accord Salvatore v Kumar, 45 AD3d 560, 563 [2d Dept 2007], lv denied 10 NY3d 703 [2008].) The anonymous blogger’s contention that the statements about petitioner on the blog are protected opinion or hyperbole which is not actionable, raises an issue as to the first element which requires a statement of fact as opposed to opinion.
The determination of whether a statement expresses fact or opinion is a question of law for the court, to be resolved “on the basis of what the average person hearing or reading the communication would take it to mean.” (Steinhilber v Alphonse, 68 NY2d 283, 290 [1986].) The Court of Appeals generally analyzes the following factors to distinguish fact from opinion:
“(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven *950 true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to ‘signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact.’ ” (Gross v New York Times Co., 82 NY2d 146, 153 [1993], quoting Steinhilber v Alphonse, supra at 292.)
Analyzing these factors, this court concludes that contrary to the anonymous blogger’s contentions, the statements about petitioner on the blog maintained by Google contain assertions of objective fact that, if proved false, could form the predicate for a defamation claim. (Id.)
As to the first factor, petitioner challenges the use of the words “skank,” “skanky,” “ho” and “whoring,” which appear in captions describing or commenting on photographs of petitioner, many of which are sexually provocative. For example, the caption to a head shot of petitioner in partial profile contains references to petitioner as “a skank bitch,” and “acting like ho’s [sic].” The caption to two photographs depicting petitioner and a man in positions and postures suggesting sexual acts, describes petitioner as the “Skankiest in NYC” and a “psychotic, lying, whoring . . . skank.” Another photograph depicts petitioner laughing with her mouth open, surrounded by other women and a man who is holding his crotch in a suggestive manner; the caption is written as a quote from petitioner, in which she refers to herself as “skanky” and ready to engage in oral sexual activity.
The dictionary defines “skank” as “one who is disgustingly foul or filthy and often considered sexually promiscuous. Used especially of a woman or girl.” (American Heritage Dictionary of the English Language [4th ed 2009], skank, available at http:// dictionary.reference.com/browse/skank.) “Ho” is defined as “slang” for a “prostitute,” (id., ho, available at http://dictionary. reference.com/browse/ho) and “whoring” is defined as “[t]o associate or have sexual relations with prostitutes” or “[t]o accept payment in exchange for sexual relations.” (Id., whoring, available at http://dictionary.reference.com/browse/whoring.) Based on these definitions, the use of those words on the blog can be understood to describe petitioner as sexually promiscuous.
As to the second factor, when the statements on the blog are viewed in context, as captions to sexually provocative photo *951 graphs of petitioner, the statements convey “facts” that are capable of being proved true or false.
Finally, with respect to the third factor, in the context of the blog as a whole, the explicit use of the words “skank,” “skanky,” “ho” and “whoring” are reasonably susceptible to a defamatory connotation, since a “communication that states or implies that a person is promiscuous is defamatory.” (Ava v NYP Holdings, Inc., 64 AD3d 407 [1st Dept 2009]; accord James v Gannett Co., 40 NY2d 415, 419 [1976]; Leser v Penido, 62 AD3d 510 [1st Dept 2009]; Rejent v Liberation Publs., 197 AD2d 240 [1st Dept 1994].) Reading those alleged defamatory words against the background of their issuance, the thrust of the blog is that petitioner is a sexually promiscuous woman. (See Ava v NYP Holdings, Inc., supra.) The blog is entitled “Skanks of NYC,” focuses solely on petitioner, and repeatedly uses the words “skank,” “skanky,” “ho” and “whoring” in captions accompanying sexually provocative photographs of petitioner. The sexual overtones of the words are underscored by the obviously suggestive nature of the majority of the photographs. (See Leser v Penido at 510-511; Rejent v Liberation Publs, at 241.) Under these circumstances, in the context of the blog at issue, the words “skank,” “skanky” and “ho” carry a negative implication of sexual promiscuity, and as such are reasonably susceptible of a defamatory connotation and are actionable. (See James v Gannett Co., supra; Ava v NYP Holdings, Inc., supra; Leser v Penido, supra; Rejent v Liberation Publs., supra.)
Notably, in the context of this specific blog, such words cannot be reasonably viewed as comparable in meaning and usage to the word “jerk” or any other loose and vague insult, as the anonymous blogger urges. The court also rejects the anonymous blogger’s argument that this court should find as a matter of law that Internet blogs serve as a modern day forum for conveying personal opinions, including invective and ranting, and that the statements in this action when considered in that context, cannot be reasonably understood as factual assertions. To the contrary, as one court in Virginia has articulated:
“In that the Internet provides a virtually unlimited, inexpensive, and almost immediate means of communication with tens, if not hundreds, of millions of people, the dangers of its misuse cannot be ignored. The protection of the right to communicate anonymously must be balanced against the need to assure that those persons who choose to abuse the op *952 portunities presented by this medium can be made to answer for such transgressions. Those who suffer damages as a result of tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrongdoers from hiding behind an illusory shield of purported First Amendment rights.” (In re Subpoena Duces Tecum to America Online, Inc., 52 Va Cir 26 [2000], revd on other grounds 261 Va 350, 542 SE2d 377 [Sup Ct 2001], quoted in Public Relations Socy. of Am., Inc. v Road Runner High Speed Online, 8 Misc 3d at 826.)
Thus, in light of the merits of petitioner’s proposed cause of action for defamation, and the materiality and necessity of the requested information, petitioner is entitled to an order pursuant to CPLR 3102 (c) directing respondent Google to disclose the information as to the identity of the anonymous blogger. (See Matter of Uddin v New York City Tr. Auth., supra; Matter of Stewart v New York City Tr. Auth., supra.)
Accordingly, it is hereby ordered and adjudged that the petition is granted and respondent Google, Inc. and/or its subsidiary Blogger.com, shall forthwith provide petitioner with information as to the identity of the anonymous blogger(s), specifically that person’s or persons’ name(s), address (es), e-mail address (es), IP address (es), telephone number (s), and all other information that would assist in ascertaining the identity of that person or persons.

. Google merely objects that petitioner’s request for relief is overbroad, vague and ambiguously worded, and unduly burdensome. Google also acknowledges that it “has refused to provide Petitioner with any information or documents with respect to the Blog unless it is required to do so pursuant to applicable law, regulation, legal process or enforceable governmental! request.”

. As a result of settlement discussions with this court, counsel for the anonymous blogger offered to remove the blog. By letter dated March 19, 2009, counsel for the anonymous blogger informed the court that as of 3:47 P.M. on March 17, 2009, the blog was “deleted and removed from the Internet,” noting that “neither this letter nor the deletion of the Blog is an admission on the part of Anonymous Blogger.” Petitioner has not consented to withdraw her application for pre-action disclosure of information identifying the anonymous blogger.

. According to petitioner, not all of the photographs are in fact of her.

. The anonymous blogger submits an attorney’s affirmation alleging that Google’s “electronic archives” will show that petitioner is personally responsible for posting on “certain social networking websites, including . . . www.facebook.com and www.friendster.com,” the six photographs on the blog, as well as other Web pages annexed as “Exhibit B.” Petitioner responds through a reply affidavit addressing the additional Web pages annexed as exhibit B to the anonymous blogger’s papers. Petitioner definitively states that she never had an account with www.friendster.com, that she did not author the “Friendster webpages” or any of the other Web pages, that those Web pages were not on her personal Facebook page or any personal Web page of hers, and that some of those Web pages are “fraudulent postings.”

. The anonymous blogger notes that the New Jersey appellate court has adopted specific guidelines for trial courts determining when the identity of an anonymous Internet speaker should be disclosed to a potential plaintiff seeking to assert a defamation claim, and those guidelines incorporate a “heightened” summary judgment standard which requires plaintiff to “produce sufficient evidence supporting each element of its cause of action, on a prima facie basis.” (Dendrite Intl., Inc. v Doe No. 3, 342 NJ Super 134, 141, 775 A2d 756, 760 [App Div 2001].) The New Jersey court explains that those guidelines are intended to strike “a balance between the well-established First Amendment right to speak anonymously, and the right of the plaintiff to protect its proprietary interests and reputation through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named defendants.” (Id.)
The law in New York generally applicable to a CPLR 3102 (c) application for pre-action disclosure which requires a prima facie showing of a meritorious cause of action, and the legal requirements for establishing a meritorious cause of action for defamation, appear to address the constitutional concerns raised in this context. (See e.g. Matter of Stump v 209 E. 56th St. Corp., 212 AD2d 410 [1st Dept 1995] [CPLR 3102 (c) pre-action discovery denied where petitioner failed to establish that he had a viable claim for defamation, “as he failed to allege evidentiary facts of malice sufficient to overcome the common interest qualified privilege”]; Matter of Gleich v Kissinger, 111 AD2d 130 [1st
*949 Dept 1985] [pre-action discovery pursuant to CPLR 3102 (c) denied where petitioner “failed to present facts that fairly indicate he has a meritorious cause of action (for defamation),” as statements were expressions of opinion, and protected by either an absolute or qualified privilege]; Admission Consultants, Inc. v Google, Inc., NYLJ, Dec. 8, 2008, at 18, col 1 [Sup Ct, NY County] [CPLR 3102 (c) pre-action discovery denied where petitioner failed to show that it had a meritorious cause of action for libel, as messages posted on the Internet were not statements of fact but personal opinions about petitioner]; Matter of Greenbaum v Google, Inc., 18 Misc 3d 185 [Sup Ct, NY County 2007] [pre-action discovery denied where statements by anonymous blogger were readily identifiable as protected opinion and not reasonably susceptible of a defamatory connotation]; Public Relations Socy. of Am., Inc. v Road Runner High Speed Online, 8 Misc 3d 820 [Sup Ct, NY County 2005] [CPLR 3102 (c) pre-action discovery granted and respondent directed to produce information identifying anonymous Internet user; court held that e-mail statement may be reasonably interpreted as disparaging petitioner in her profession, so as to constitute libel per se, and that the subject of the e-mail was not an expression of pure opinion].)