Harold M. Spitzer, J.
This is a motion pursuant to CPLR 3102 (subd. [c]) for an order allowing discovery and inspection of the books and records of the Incorporated Village of Mineóla, and for a further order allowing the taking of depositions relative to this matter.
The papers and affidavits supporting the instant motion aver that the plaintiff’s deceased husband sustained personal injuries as a result of a fall, on an alleged defective sidewalk which was under the control of the proposed defendant. The plaintiff also states that she believes that the aforesaid injuries contributed to her husband’s death. The motion is addressed to the sound discretion of the court.
In Stewart v. Socony Vacuum Oil Co. (3 A D 2d 582, 583-584) the court by Justice Bergan stated: “If he does not have a describable sense of the wrong that he thinks hurts him, he ought not be allowed a judicial franchise to penetrate into another party’s affairs, either by examination or inspection, to find out whether he ought to sue or ought not to sue.
‘ ‘ If such a practice be sanctioned, mere suspicion could invoke troublesome and expensive procedures against a party without any need of showing good cause; and without remedial protection to such a party, and what is perhaps worse, the opportunity for annoyance and intrusion with the aid of judicial power would be quite unlimited. The vaguest sort of apprenhension could set in motion legal machinery with heavy impact on a purported adverse party; and there would be nothing vague about the weight of the impact.”
This court interprets the phrase, ‘ ‘ to aid in bringing an action,” (CPLR 3102, subd. [c]) to mean for the purpose of (1) determining the identity of defendants against whom a cause of action lies, (2) discovering the precise facts upon which the *1083 cause of action is based, in order to frame pleadings, (3) the determination as to what form the cause of action should take and (4) the perpetuation of testimony.
It should be noted that this interpretation assumes that a plaintiff has demonstrated a good cause of action in the moving papers and affidavits, as distinguished from this plaintiff who seeks to ascertain whether facts exist sufficient to create a good cause of action.
In order to be entitled to an examination of a proposed defendant before an action is commenced, the plaintiff must show that he has a good cause of action. (East v. Endicott Forging & Mfg. Co., 280 App. Div. 651.) An examination will not be permitted to merely enable plaintiff to ascertain whether facts exist sufficient to create a meritorious cause of action. (Matter of Roland [Deak], 10 A D 2d 263.)
It is the opinion of this court that the information sought by the plaintiff herein, would disclose whether the potential defendant received actual notice of the alleged defective condition of the sidewalks. In this manner, then, the plaintiff desires to ascertain whether sufficient facts exist to create a meritorious cause of action.
Consequently, the plaintiff’s motion is denied, without prejudice.