### In re Application of HMB ACQUISITION CORP., Plaintiff,

v.

### David R. COHEN, et al., Defendants.

### No. 92 Civ. 5413 (VLB).

United States District Court, S.D. New York.

Nov. 12, 1992.

See also 143 F.R.D. 50.

William E. Dumke, Worby, P.C., White Plains, N.Y., for plaintiff.

Kirschenbaum, Shapiro & Marro, New York City, for defendants.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

#### I

This case involves a dispute between a purchaser of assets relating to a condominium project ("HMB") and homeowners who are alleged to have interfered with HMB's contract and other rights. HMB initiated a pre-complaint discovery proceeding in the courts of New York State by *ex parte* order to show cause under CPLR 3102, citing the Racketeer Influenced and Corrupt Organizations Act as one of the statutes which may have been violated. HMB's application sought among other things means of identifying individual homeowners who may have been involved in the alleged violations of HMB's rights.

Defendant[1] removed the case under 28 U.S.C. 1441, and moved to dismiss it on the merits; plaintiff moved to remand the case to state court. By memorandum order of

---

**1.** While plaintiff brought the state court proceeding against eleven defendants, ten of those defendants were designated as "unknown" and hence, presumably, were not served.

September 7, 1992, 143 F.R.D. 50, I denied the motions of both parties and outlined questions which should be considered prior to determining HMB's application for pre-action discovery. No further response from HMB in regard to those questions has been received since the filing of the September 7, 1992 memorandum order.

The September 7, 1992 memorandum order (section VIII) directed the parties to consider various means of settlement of their complex disputes and stated:

"I expect no further pleading initiating further claims by either party against the other to be filed in any court pending efforts at overall settlement as set forth above."

HMB thereafter brought an order to show cause in state court seeking to require the Half Moon Bay Homeowners Association to release liens on properties described in the application. Defendant has sought (without attaching HMB's state court order to show cause) to enjoin HMB's state court action as a violation of section VIII of the September 7, 1992 memorandum order, and for contempt findings and sanctions against HMB and its counsel.

In responding to defendant's motion for an injunction, contempt findings, and sanctions, HMB's memorandum of law (Docket # 17), describes my former decision in part as follows: "... this Court denied plaintiff's motion for pre-action disclosure and a further motion by plaintiff to remand the matter to state court." (p. 2). In fact I did not rule upon plaintiff's application for pre-action disclosure. See Section III, *infra*.

## II

■ I deny defendant's motion for injunctive relief, contempt findings, and sanctions.

HMB stresses the literalistic argument that section VIII of the September 7, 1992 memorandum order applies only to the defendant in the present case, and that the homeowners' association named as defendant in the new state court proceeding was not a defendant in this action (92 Civ. 5413) even if it is clearly in privity with the defendant in the case before me, and equally in an adversary position with respect to HMB. I need not reach this somewhat doubtful distinction in ruling on defendant's motion.

The quoted language from section VIII of the September 7, 1992 memorandum order was not phrased as and did not constitute an injunction. It described a non-binding expectation. See *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 160 (2d Cir.1982). Moreover, in order to enjoin state court litigation, I would have to determine that 28 U.S.C. 2283 is inapplicable or that an exception to it is applicable.

Failure to adhere to the expectation set forth in § VIII may turn out to be mutually detrimental; plaintiff and defendant appear to prefer a war of attrition waged through ever more-complex litigation and mutual recrimination to mutually beneficial common sense settlement of their differences and adherence to those settlements. I renew my suggestion that the parties consider selecting a single impartial umpire with plenipotentiary power to settle their differences. To insure that this suggestion receives adequate consideration, I direct counsel for plaintiff and defendant to transmit copies of this memorandum order to their respective clients, and then to write to the Clerk of this Court confirming that this has been done.

## III

■ HMB's application for pre-action disclosure is denied, and this action is dismissed on the merits. This application constituted the substance of the proceeding originally removed from state court, and the denial is predicated upon HMB's failure to respond to the following questions put in the September 7, 1992 memorandum order:

1. Is plaintiff's discovery application properly determined under state law (as defendants' motion to dismiss tacitly assumes), or under Rule 27, Fed.R.Civ.P., or by considering both and if so in what manner?

2. Does plaintiff need the discovery requested in order to commence any ac-

tion it wishes to bring against the parties primarily involved in the alleged violations of its rights?

3. Would disclosure of individual natural persons who may have favored allegedly improper conduct by the leadership of the homeowners' association have an improper chilling effect on freedom of association? See, e.g., *Dole v. Service Employees Union*, 950 F.2d 1456 (9th Cir.1991).

4. Did distribution of copies of the state·court *ex parte* order to show cause for discovery occur, as claimed by defendants? If so what implications, if any, does that fact have concerning the purpose or effect of plaintiff's discovery application now pending in this court?

## IV

Because of the dismissal of the underlying litigation, I vacate as moot the following provisions contained in the memorandum order of September 7, 1992:

Unless agreement on settlement or means of seeking it is reached and the court is so notified by stipulation signed by both parties by November 15, 1992, the court will order consultation with the American Arbitration Association concerning available options for seeking to resolve all disputes of the parties.

I expect no further pleadings initiating further claims by either party against the other to be filed in any court pending efforts at overall settlement as set forth above.

SO ORDERED.