**CHRISTIAN, KLEIN, & COGBURN,**
**Petitioner,**

v.

**NATIONAL ASSOCIATION OF**
**SECURITIES DEALERS,**
**INC., Respondent.**

**No. 97 CV 484(SS).**

United States District Court,
S.D. New York.

July 8, 1997.

**277**

Simon S. Kogan, Christian, Klein & Cogburn, New York City, for Petitioner.

F. Joseph Warin, Gibson, Dunn & Crutcher LLP, New York City, for Respondent; John J. Flood, Associate General Counsel, National Association of Securities Dealers, Inc., Washington, DC, of counsel.

## OPINION AND ORDER

SOTOMAYOR, District Judge.

Respondent, National Association of Securities Dealers ("NASD"), a self-regulatory organization ("SRO") registered with the Securities and Exchange Commission ("SEC"), moves this Court for an order denying petitioner's application for pre-complaint discovery and dismissing the proceeding. Petitioner Christian, Klein & Cogburn ("Christian"), a NASD member firm engaged in securities trading through the NASD's Small Order Execution System ("SOES"), cross-moves to remand this action to the Supreme Court of the State of New York.

At a hearing held before the Court on June 25, 1997, the Court denied petitioner's motion to remand, and granted respondent's motion to deny pre-complaint discovery. Because of the paucity of legal authorities, the Court writes only about its reason for denying the plaintiff's motion to remand its petition for pre-complaint discovery

## BACKGROUND

On December 23, 1996, Christian obtained and served NASD with an order to show cause why an order pursuant to McKinney's C.P.L.R. § 3102(c) should not issue. Annexed to the order to show cause was an eight page affirmation by petitioner's attorney, stating that discovery was necessary so that petitioner could frame a complaint for purposes of a contemplated civil action based on *inter alia,* anticompetitive and unfair trade practices, antitrust and securities laws violations, and breach of contractual relations by the NASD and others in connection with NASD's regulation of the SOES.

Pursuant to 28 U.S.C. § 1446(b), NASD filed a notice of removal claiming that petitioner's complaint clearly would seek judicial review of the NASD's performance of its function as a SRO under federal law. NASD consequently filed a motion to dismiss the action on the grounds that Christian failed to exhaust its administrative remedies or to state a claim upon which relief could be granted. Christian cross-moved for a remand to state court of the petition arguing that this Court lacked subject-matter jurisdiction, and that the notice of removal was premature because it did not constitute an initial pleading under 28 U.S.C. § 1446(b).

## DISCUSSION

### I. Appropriateness of Respondent's Removal

Section 1446(b) of Title 28 of the United States Code specifies that a notice of removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action *or proceeding* is based" (Emphasis added). In supporting its motion for remand, Christian cites to *Manhasset Group v. Banque Worms,* No. 87 Civ.

3336, 1988 WL 102046 (E.D.N.Y. Sept. 20, 1988), which held that a state petition for pre-action discovery was not an initial pleading for the purposes of federal removal under 1446(b).[1] In *Manhasset,* the court based its holding on the assumption that no action was commenced and jurisdiction over respondents had not been acquired because the respondent was not served with a summons and complaint. *Id.* at *1.

■ The court in *Manhasset,* however, failed to acknowledge that Section 1446(b) not only refers to the removal of "actions" based on "initial pleadings," but also to the removability of "proceedings" based on "initial pleadings." The Second Circuit has not addressed the question of what constitutes an "initial pleading" for purposes of Section 1446(b). The language of Section 1446(b), however, sets forth two related requirements. The first, the "pleading" must initiate an action or proceeding. The second, the initial pleading must set forth a "claim for relief." The order to show cause served in this action fulfills both of these requirements.

■ Under New York law, a proceeding is commenced and jurisdiction is acquired by an order to show cause or by service of a notice of petition. McKinney's C.P.L.R. § 304. Thus, under New York law, the pleading which initiates a proceeding is an order to show cause or a notice of petition. Christian served NASD with an order to show cause why discovery pursuant to C.P.L.R. § 3102 should not issue, and it therefore, initiated a proceeding under New York law.

■ The second question is whether the "initial pleading" at issue, i.e., the order to show cause, set forth a claim for relief This requirement implicates the concept of notice: the very purpose of an "initial pleading" prior to removal is to give the adverse party proper notice, and "to establish the nature of the claim, and whether or not there is, in the constitutional sense, a case or controversy." *HMB Acquisition Corp. v. Cohen,* 143 F.R.D. 50, *vacated in part on other grounds,* 145 F.R.D. 30 (S.D.N.Y.1992) (holding that a pre-

complaint discovery application is an initial pleading subject to removal because petitioner referenced a federal statute and proceeding sought substantive relief in the form of discovery).

■ In its petition, Christian directly invokes violations of federal securities laws as a basis for its pre-complaint discovery. Christian contends that the NASD, in its attempts to limit SOES membership and activity through the application process, violated Sections 15(A)(b)(3), 15A(g), and 19(b) of the Securities Exchange Act of 1934. Kogan Declaration ¶ 9. Such an allegation of NASD's regulatory function under federal law gives respondent adequate notice that at least some of petitioner's claims will arise under the laws of the United States—making the district court the proper forum for the adjudication of that claim under 28 U.S.C. § 1331 (stating that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), and § 1441(b) (stating that any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States). Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa (1981) further grants federal courts "exclusive jurisdiction of violations of [the Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Act] or the rules and regulations thereunder."

■ Clearly, Christian's eight-page pretrial affirmation which, comparatively speaking, is even more detailed than a typical summons with notice, provides adequate information, and falls within the standard rule long held by many district courts in this Circuit: "An initial document, by whatever name, which contains enough information to allow defendant to intelligently ascertain removability qualifies as an initial pleading." *Universal Motors Group, Inc. v. Wilkerson,*

---

**1.** Petitioner also relies upon *Oshkosh Truck Corp.v International Union,* 67 F.R.D. 122 (E.D.Wis.1975), to support its argument that a removal based upon a plaintiff's affidavit for pre-

complaint discovery is premature. *Oshkosh,* however, is not persuasive authority because the statutes on pre-complaint discovery under Wisconsin law are unknown.

674 F.Supp. 1108, 1112 (S.D.N.Y.1987). *See also Colon v. National Car Rental,* No. 92 Civ. 8503, 1993 WL 227596, at *1 (S.D.N.Y. June 21, 1993) (the "intelligently ascertain" standard requires the defendant to apply a reasonable amount of intelligence to the information to ascertain whether action was removable); *Figueroa v. Kim,* 813 F.Supp. 267, 268 (S.D.N.Y.1993) (same); *Jones Chemicals v. Distribution Architects Int'l,* 786 F.Supp. 310, 312, (W.D.N.Y.1992) (same); *Flood v. Celin Jewelry, Inc.,* 775 F.Supp. 700 (S.D.N.Y.1991) (same); *Sharon v. National Life Ins. Co. of Vt.,* No. 88 Civ. 4120, 1988 WL 87508, at *1 (S.D.N.Y. Aug. 12, 1988) (same); *Fisher v. Bangor Punta Corp.,* No. 85 Civ. 0497, 1987 WL 8650, at *1 (S.D.N.Y. March 27, 1987) (same); *Universal Motors Group v. Wilkerson,* 674 F.Supp. 1108, 1113 (S.D.N.Y.1987) (same).

## CONCLUSION

For the reasons discussed above and at the hearing held on June 25, 1997, Christian's cross-motion to remand this case to state court is denied, and the motion to deny precomplaint discovery is granted. Because Christian has expressed its decision to forego filing a federal complaint in a letter dated July 1, 1997, the Clerk of the Court is thereby directed to dismiss this proceeding.

**SO ORDERED.**