■ MICHAEL HOLZMAN, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants. [707 NYS2d 159] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered August 4, 1999, which, insofar as appealed from, granted petitioner-respondent's petition for pre-action discovery pursuant to CPLR 3102 (c), unanimously reversed, on the law, without costs, and the petition denied.

Petitioner filed a timely notice of claim on June 15, 1999, alleging "negligence in the operation of a bus." He asserted that on May 20, 1999, between 8:30 and 8:35 A.M., as he was exiting from the rear doors of a southbound M15 bus, he "was caused to slip and violently fall resulting in personal injury." Notably, he did not give any more information as to the cause of his fall.

By order to show cause dated June 19, 1999, supported by counsel's affidavit and a copy of the notice of claim, petitioner moved pursuant to CPLR 3102 (c) for pre-action discovery. Counsel's affidavit provided no further information as to the purported cause of the fall, merely reiterating that plaintiff "was caused to slip and violently fall, breaking his left ankle." The petition requested that petitioner be given an opportunity to inspect and photograph the bus before commencing the action, "in order to preserve any evidence of a defect which may have caused plaintiff's injuries." Respondents-appellants objected that petitioner had not even set forth a theory of liability, let alone a prima facie case, and was instead seeking pre-action discovery so as to tailor his complaint to fit whatever the inspection revealed. Nonetheless, the IAS Court granted the motion to the extent of directing respondents to identify the bus and produce it for inspection within 20 days after petitioner testified at the General Municipal Law § 50-h hearing. We now reverse.

Under CPLR 3102 (c), a plaintiff may petition the court to obtain discovery before service of a complaint. Pre-action discovery may be appropriate to preserve evidence or to identify potential defendants; however, it cannot be used by a prospective plaintiff to ascertain whether he has a cause of action at all (*Stump v 209 E. 56th St. Corp.*, 212 AD2d 410). A petition for pre-action discovery should only be granted when the petitioner demonstrates that he has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong (*Bliss v Jaffin*, 176 AD2d 106, 108).

Petitioner has not met this burden, as he has failed to allege any facts supporting his bare claim that respondents were negligent and that this negligence caused his injury. A plaintiff cannot establish a prima facie case of negligence if he cannot explain what caused him to fall (*see, Lynn v Lynn*, 216 AD2d 194). It also appears that petitioner has sufficient information to frame his complaint. He can identify the defendants, the bus route, and the time and place of the accident. Information concerning the extent of his injuries is presumably within his control. The notice of claim charged respondents with negligent operation of the bus. Inspection would reveal no facts relevant

to this allegation. Under these circumstances, the only purpose of inspection would be to allow petitioner to determine whether the facts support alternate theories of liability, such as a defect in the bus. This is not an appropriate use of CPLR 3102 (c) (*Matter of Manufacturers & Traders Trust Co. v Bonner*, 84 AD2d 678, 679). Concur—Rosenberger, J. P., Williams, Tom, Rubin and Buckley, JJ.