**DUBLIN WORLDWIDE PRODUCTIONS (USA), INC., Plaintiff,**

v.

**JAM THEATRICALS, LTD., Jam Theatricals Too, LLC., Defendants.**

No: 01 CIV. 8135(JSR).

United States District Court, S.D. New York.

Sept. 19, 2001.

**276**

Peter S. Cane, New York City, for Plaintiff.

Robert Meister, Palmina Fava–Pastilha, Piper Marbury Rudnick & Wolfe LLP, New York City (John H. Heuberger, Piper Marbury Rudnick & Wolfe LLC, Chicago, IL, of counsel), for Defendants.

## OPINION

RAKOFF, District Judge.

By Order dated September 4, 2001, the Court denied the motion of plaintiff Dublin Worldwide Productions (USA), Inc. ("Dublin") to remand this matter to the New York state courts, from which it had been removed by defendants Jam Theatricals, Ltd. and Jam Theatricals Too, LLC (collectively "Jam"). This Opinion will briefly explain the reasons for that denial.

In 1999, Jam contracted to present a Dublin stage show in various theaters in the United States. Jam's fee was 15% of net box office receipts, plus reimbursement of all its expenses. Disputes subsequently arose, however, as to whether Jam had inflated its expense reimbursements. On July 16, 2001, counsel for Dublin sent a letter to Jam alleging that Jam had engaged in fraud and breach of contract and that his preliminary estimate was that Dublin had thereby suffered damages in excess of $500,000. *See* letter from Peter S. Cane to Steven Traxler, dated July 16, 2001. The letter further threatened that, barring a prompt and satisfactory response from Jam, Dublin would file a federal lawsuit against Jam in the Southern District of New York on July 24, 2001. *Id.* While not specified in the letter, it was obvious that such a lawsuit would comport with the requirements of federal subject matter jurisdiction, since there was complete diversity of citizenship between Dublin and Jam and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a).

Following the letter, discussions between the parties ensued but proved fruitless. Thereupon, however, Dublin's counsel, instead of filing the promised lawsuit, filed an order to show cause in the New York state courts seeking discovery pursuant to N.Y.C.P.L.R. 3102(c)—"to aid in bringing an action," a provision offering broader pre-action discovery than comparable federal procedure, *see* Fed.R.Civ.P. 27(a). Issue was joined, but before the state court could rule on Dublin's discovery requests, Jam, on August 29, 2001, removed the matter to federal court pursuant to 28 U.S.C. § 1441(a). Dublin, in turn, immediately moved for remand. This Court, after receiving letter briefs and hearing oral argument on August 31, *see* transcript, denied remand on September 4, 2001.

■ Section 1441(a) of Title 28 U.S.C. provides for removal to federal court of "*any civil action* brought in a State court of which the district courts of the United States have original jurisdiction ..." (emphasis supplied). Dublin's first argument in support of remand is that a proceeding under C.P.L.R. 3102(c) is not itself a civil action but only, as 3102(c) itself states, a proceeding for the purpose of obtaining discovery "[b]efore an action is commenced," *id.* Consequently, there was no extant "civil action" to remove and the matter should be remanded.

This, indeed, was the argument adopted by then-District Judge (now Senior Circuit Judge) McLaughlin in *Manhasset Office Group v. Banque Worms*, 1988 WL 102046 (E.D.N.Y., 1988), where he remanded a 3102(c) proceeding to state court. However, in *Christian, Klein, & Cogburn v. National Association of Securities Dealers, Inc.* 970 F.Supp. 276 (S.D.N.Y., 1997) then-District Judge (now Circuit Judge) Sotomayor, expressly disagreeing with *Manhasset*, denied remand of a similarly re-

moved 3102(c) proceeding, on the ground that § 1446(b) of Title 28, which sets forth the procedure for removal, effectively broadens the concept of a "civil action" for federal removal purposes by providing that "notice of removal of a civil action *or proceeding* shall be filed within thirty days after the receipt by the defendant ... of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b) (emphasis supplied). Since a petition or order to show cause under C.P.L.R. 3102(c) sets forth a civil cause of action as to which pre-complaint discovery is requested, *see infra*, it follows from the language of § 1446(b) that if that cause of action falls within federal jurisdiction the 3102(c) "proceeding" is removable. *See Christian*, 970 F.Supp. at 278.

■ This Court agrees with *Christian*, but would reach the same result even without reference to § 1446(b). Under New York law, a petitioner can seek "pre-action discovery" under 3102(c) only if the petitioner already has an existing cause of action against the respondent and is simply seeking early discovery for one of the reasons specified in 3102(c), *viz*, "... to aid in bringing an action, to preserve information or to aid in arbitration...." C.P.L.R. 3102(c). *See Holzman v. Manhattan and Bronx Surface Transit Operating Authority*, 271 A.D.2d 346, 707 N.Y.S.2d 159, 161 (1st Dep't, 2000); *Ero v. Graystone Materials, Inc.*, 252 A.D.2d 812, 676 N.Y.S.2d 707, 708 (3d Dep't, 1998). As noted by Prof. Siegel, this requirement is enforced by the New York courts with particular strictness where, as here, 3102(c) is sought to be invoked "to aid in bringing an action." *See* N.Y. C.P.L.R. 3102, Supplementary Practice Commentary by David D. Siegel (McKinney 2001). A request for discovery under C.P.L.R. 3102(c) is therefore ancillary to an existing

cause of action that the requesting party proposes to bring, and it is the elements of that civil action, rather than the ancillary discovery request, that should determine removability. Were it otherwise, a party who proposed (as here) to bring a civil action falling within federal jurisdiction could evade the federal limitations on pre-action discovery by first bringing a request for discovery under C.P.L.R. 3102(c)—precisely the tactic Dublin tried here.

■ Dublin's second, and only remaining argument for remand [1] is that its putative causes of action for fraud and breach of contract on the basis of which it sought pre-action discovery under C.P.L.R. 3102(c) were not necessarily removable because, even though the contending parties are of diverse citizenship, Dublin did not assert in its 3102(c) application that its damages were at least $75,000. On the contrary, Dublin's state court papers allege that Dublin has not yet firmly ascertained its damages beyond $17,000 and seeks 3102(c) discovery partly in order to determine the full extent of damages.

This, however, is simply a charade. The letter of July 16, 2001, in which Dublin declared its unequivocal intention to commence a federal action, gave a "preliminary estimate" of damages of no less than $500,000. Likewise, Dublin's memorandum to the state court in support of its 3102(c) request, while reciting known damages of $17,000, repeatedly indicates that it anticipates, on the basis of information and belief and reasonable projections from known facts, that it will be able to claim damages of at least $1 million. *See* Plaintiff's Memorandum of Law in Support of Motion for Preaction Discovery at 1,5,12. Indeed, simply on the basis of the facts recited in plaintiff's state papers alone, it is clear that Dublin already has a sufficient basis for asserting with the requisite "reasonable probability," *see Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994), that Dublin's damages will exceed the statutory jurisdictional amount of $75,000. As such, the matter clearly falls within this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Accordingly, for the reasons set forth herein, the Court has, by its Order of September 4, 2001, denied the plaintiffs' motion to remand.

---

1. Certain other objections to remand were, as Dublin concedes, cured by Jam's Amended

Notice of Removal.