OPINION OF THE COURT
Ira Gammerman, J.
This is an application for preaction discovery, under CPLR 3102 (c), brought by family members of police officers, who were killed on September 11, 2001, against the Patrolmen’s Benevolent Association of the City of New York (PBA) to obtain information concerning post-September 11, 2001 contributions to the Widows’ and Children’s Fund (the fund), and the policies, decisions and records regarding disbursement to the families of those officers, who died in the World Trade Center tragedy. Specifically, petitioners seek the appointment of a referee or judicial hearing officer to supervise document discovery and an accounting of the PBA’s administration of the fund.
The PBA opposes the application arguing that CPLR 3102 (c) does not authorize a preaction accounting and discovery and that this is a fishing expedition to determine if a cause of action exists. The Attorney General of the State of New York has appeared in the proceeding and I will deem such appearance a motion to intervene as a party to this proceeding and for dismissal of the petition as unwarranted, unnecessary and potentially harmful to beneficiaries of the fund and to charity in general, particularly where petitioners have failed to demonstrate a meritorious cause of action.
Petitioners allege that after the events of September 11th, the PBA solicited donations from the public for the fund through its Web site under the title “Attack on America.” As a result of this and other efforts, the fund received an unprecedented $11.4 million as of January 2002. Petitioners claim that at a meeting in March 2002, representatives of the PBA indicated that half of the funds collected post-September 11th would not go to the families of the victims. While there have been disbursements to petitioners, they question the allocation of the monies collected and whether donor intent to aid the victims of this particular tragedy were, in fact, followed by the charity or whether the funds were solicited under false pretenses.
The State Legislature has given the Attorney General broad supervisory and oversight responsibilities over charitable assets and their fiduciaries, as enumerated in the Not-For-Profit Corporation Law, the EPTL and the Executive Law (see Not- *279 For-Profit Corporation Law §§ 112, 720; EPTL 8-1.1 [f\; 8-1.4; Executive Law art 7-A). Consequently, as the Attorney General has a significant public interest in these proceedings, Mr. Spitzer will be permitted to intervene on this application.
First, I note that the fund has a separate corporate existence as a not-for-profit corporation, under the name PBA Widows’ and Children’s Fund, Inc., which is separate and apart from the PBA, which acts as the labor union for police officers. To the extent that the application is addressed to the PBA, as opposed to the fund, it clearly seeks relief from the wrong party and should be dismissed.
Even assuming that the fund had been served with this application, which it was not, I would be disinclined to grant the relief requested for the following reasons. Petitioners seek the information to determine whether or not they have a meritorious cause of action for fraud or breach of fiduciary duty but have not presented evidence that they have such a cause of action. Preaction discovery, under CPLR 3102, is only available for limited purposes, none of which are raised by petitioners, and is not available to determine whether a cause of action exists (Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346 [1st Dept 2000]).
The inquiry sought herein has already been conducted by the agency charged with oversight of the fund, namely, the Attorney General. Under the Attorney General’s extensive inquiry into the administration and management of monies donated to the fund post-September 11th, the documents requested by petitioners were examined. The examination determined that the “fiduciaries of the Fund had administered the donations in a manner consistent with donor intent.” (See affirmation of Andrew P. Davis, dated July 22, 2002, at 6, 13.) A further inquiry by the court, in the absence of more compelling facts to support a cause of action, is xmwarranted, and will only burden the charity with significant additional legal expenses that would come out of the funds available to help the families of those who died as a result of the World Trade Center tragedy and other such events.
Accordingly, it is ordered that the motion to intervene and to dismiss the application is granted and the petition is dismissed.