15-4082-cv
Bryant v. Am. Fed'n of Musicians

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
DENNY CHIN,
   *Circuit Judges*.

------------------------------------------------------------------

ANNE BRYANT,
   *Plaintiff-Appellant*,

   v.         No. 15-4082-cv

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS (SAG),
   *Defendants-Appellees*.

------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR APPELLANT: | ANNE BRYANT, *pro se*, Stony Point, New York. |
| APPELLEE AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA: | Jennifer P. Garner, American Federation of Musicians, New York, New York; Harvey S. Mars, Law Office of Harvey S. Mars, New York, New York. |

APPEARING FOR APPELLEE
SCREEN ACTORS GUILD-AMERICAN
FEDERATION OF TELEVISION AND
RADIO ARTISTS (SAG):

JOSEPH VITALE, Cohen, Weiss
and Simon LLP, New York,
New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*; Michael H. Dolinger, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 19, 2015 is AFFIRMED.

Plaintiff Anne Bryant appeals pro se from (1) the denial of her motion for pre-suit discovery from her union representatives, the American Federation of Musicians of the United States and Canada ("AFM") and the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG"), see Fed. R. Civ. P. 27; and (2) the dismissal of her breach-of-fiduciary-duty claim against AFM and SAG—which the district court construed as claiming a breach of the duty of fair representation—for failure to state a claim or to comply with the applicable statute of limitations, see Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Pre-Suit Discovery

Bryant's argument that her pre-suit discovery motion should have been evaluated under N.Y. C.P.L.R. § 3102(c)—not Fed. R. Civ. P. 27—fails for the reason stated by the district court: federal rules of procedure apply to actions in federal court. See, e.g., Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 111–12 (2d Cir. 2013).

We review the denial of a Fed. R. Civ. P. 27 application for pre-suit discovery for

2

abuse of discretion. See Mosseller v. United States, 158 F.2d 380, 382 (2d Cir. 1946); accord Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra ("Deiulemar Compagnia"), 198 F.3d 473, 479 (4th Cir. 1999). We identify no such abuse here because, as the opinions of the district judge and magistrate judge demonstrate, Bryant failed to satisfy Rule 27's requirements. See Mosseller v. United States, 158 F.2d at 382; accord Deiulemar Compagnia, 198 F.3d at 484–89; In re Petition of Allegretti, 229 F.R.D. 93, 95–98 (S.D.N.Y. 2005) (stating that petitioners seeking discovery under Rule 27 must (1) "furnish a focused explanation of what they anticipate any testimony would demonstrate"; (2) "establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought"; and (3) "make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed").

Bryant failed to demonstrate the requisite need to "perpetuate" documents or inability "presently [to] bring" a federal action to which the documents pertain. See Fed. R. Civ. P. 27(a)(1); In re Petition of Allegretti, 229 F.R.D. at 96 (observing that Rule 27(a) "cannot be used to discover evidence for the purpose of filing a complaint"). Nor did she show that, absent pre-suit discovery, the contracts she seeks to obtain would be "lost, concealed or destroyed." In re Petition of Allegretti, 229 F.R.D. at 96. Indeed, Bryant's contention is not that defendants have the recording contracts and may destroy them, but that defendants assert they no longer possess such documents at all. Further, Bryant has

3

filed other actions relating to her royalty payments in which she could have sought discovery of the contracts at issue through non-party subpoenas or other conventional means. Accordingly, her pre-trial discovery challenge fails.

2. Breach of Duty of Fair Representation Claim

We review the dismissal of Bryant's complaint de novo, liberally construing her pro se pleadings as true and drawing all reasonable inferences in her favor. See Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014); Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The district court reasonably interpreted Bryant's claim as alleging a breach of defendants' "duty of fair representation" under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 et seq., to serve the interests of all members "without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177 (1967); see Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387–89 (2d Cir. 2015). The district court concluded that Bryant failed to file within six months of learning of the alleged breach of duty, as required by the Act. See Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc., 742 F.3d 42, 46 (2d Cir. 2014) ("[T]he limitations period for filing [a duty of fair representation] claim in the district court is borrowed from section 10(b) of the NLRA, 29 U.S.C. § 160(b), which provides for a six-month limitations period."). Because we agree that Bryant's claim is untimely, we need not decide if it also fails to state a federal claim.

In challenging the untimeliness conclusion, Bryant asserts that the district court

4

should have construed her claim as one arising under state law. See generally IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 N.Y.3d 132, 139, 879 N.Y.S.2d 355, 359 (2009) (noting that New York state-law claims for breach of fiduciary duty are subject to a three-year limitations period if the relief is monetary, and six years if equitable). Bryant, however, pleaded no facts to support a state-law claim that defendants had a fiduciary duty to retain her contracts. Indeed, before the district court, Bryant described her claim as one implicating federal collective-bargaining standards and invoked the "duty of fair representation." See Pl.'s Opp'n to Defs.' Mots. to Dismiss, D. Ct. Dkt. No. 23, at 6–11.

Accordingly, the district court did not err in construing Bryant's claim as one asserting a federal unfair-representation claim barred by the six-month statute of limitations, and in concluding that amendment of the complaint was therefore futile. See Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

We have considered all of Bryant's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5