OPINION OF THE COURT
Jeffrey K. Oing, J.
Plaintiffs move, pursuant to CPLR 3124, for an order requiring defendants Centerbridge Special Credit Partners, LP, CCP Acquisition Holdings, LLC, CCP Credit Acquisition Holdings, LLC, and Culligan Newco, Ltd. (the lender defendants) to respond to plaintiffs’ first request for production of documents served on the lender defendants, and determining that these defendants have waived all objections and privileges by failing to timely assert them, pursuant to CPLR 3122. In the alternative, plaintiffs move, pursuant to CPLR 3102 (c), for an order permitting pre-action disclosures.
*1117 Factual Background and Procedural History
Plaintiffs, minority shareholders of nominal defendant, Culligan Ltd. (Culligan Limited), bring this derivative action on behalf of that entity, a Bermuda company that does business in New York. The underlying facts are set forth in the March 13, 2013 record (NY St Cts Elec Filing [NYSCEF] Doc No. 51 at 7-8). Plaintiffs have filed four separate complaints in this action, including most recently the third amended derivative complaint (the third amended complaint).
This court dismissed the third amended complaint for failure to adequately allege derivative standing as against Culligan Limited, and defendants Clayton, Dubilier & Rice, Inc., Clayton Dubilier & Rice, LLC, Clayton Dubilier & Rice Fund IV Limited Partnership, George W. Tamke, David H. Wasserman, Mark Seals, Michael J. Kachmer, Bruno Deschamps, Nathan K. Sleeper, Michael J. Durham, Daniel R. Fredrickson, Thomas A. Hays, and James Uselton (collectively, the CDR defendants) (NYSCEF Doc No. 159 at 26-27). This court also denied plaintiffs’ application for leave to file a fourth amended complaint (id.). The Appellate Division, First Department, affirmed the dismissal, but granted plaintiffs leave to replead (Culligan Soft Water Co. v Clayton Dubilier & Rice LLC, 139 AD3d 621 [1st Dept 2016]).
Prior to the dismissal of the third amended complaint, plaintiffs entered into a settlement agreement with the following defendants: Angelo, Gordon & Co., LP, Silver Oak Capital, LLC, Centerbridge Special Credit Partners, LP, CCP Acquisition Holdings, LLC, CCP Credit Acquisition Holdings, LLC and Culligan Newco, Ltd. (the settling defendants), which was subject to court approval. This partial settlement of the derivative action provided, inter alia, for plaintiffs to receive a $4 million settlement, a portion of which was to reimburse them for their legal fees, with the remainder to be utilized for future legal fees; for the dismissal of all claims with prejudice against the settling defendants; and for cooperation in the production of documents and information (settlement agreement, plaintiffs’ moving papers, exhibit C).
On May 19, 2015, this court approved the settlement, and denied as moot the motion to dismiss the third amended complaint filed by defendants Angelo, Gordon & Co., LP, Silver Oak Capital, LLC, Centerbridge Special Credit Partners, LP, CCP Acquisition Holdings, LLC, and CCP Credit Acquisition Holdings, LLC (NYSCEF Doc No. 155). An order and final judg *1118 ment was entered on June 8, 2015 (NYSCEF Doc No. 154). The Appellate Division reversed this court’s approval of the settlement, and vacated the judgment (Culligan Soft Water Co. v Clayton Dubilier & Rice, LLC, 144 AD3d 611 [1st Dept 2016]). In reversing, the Appellate Division held that the settlement should not have been approved because it “does not provide for payment to the company” but only accomplishes “getting [the plaintiffs’] lawyers paid,” when these same lawyers “after four attempts, have yet to plead properly that they have standing to sue derivatively, [and] are not entitled to legal fees” (id. at 611 [citations omitted]).
Discussion
CPLR 3124
Plaintiffs now seek to compel the settling defendants and other defendants to comply with their specific discovery obligations as set forth in the settlement agreement, and resort to CPLR 3124 to compel compliance. CPLR 3124 provides: “If a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response.”
As an initial matter, plaintiffs did not have a viable action pending in this court when they served the discovery demands inasmuch as those demands were served subsequent to the Appellate Division’s affirmance of this court’s dismissal of the third amended complaint based on lack of standing. More importantly, since this motion’s submission, the Appellate Division reversed this court’s approval of the settlement agreement and vacated the judgment therein. Thus, plaintiffs’ reliance on the settlement agreement to obtain disclosure pursuant to CPLR 3124 is no longer viable.
Accordingly, that branch of plaintiffs’ motion, pursuant to CPLR 3124, to compel the lender defendants to comply with their discovery demands is denied.
CPLR 3102 (c)
In the alternative, plaintiffs seek an order compelling discovery from the lender defendants under the guise of pre-action disclosure. Given the procedural history of this action, this effort is misplaced.
CPLR 3102 (c) provides: “Before an action is commenced, disclosure to aid in bringing an action, to preserve information *1119 or to aid in arbitration, may be obtained, but only by court order. The court may appoint a referee to take testimony.” Plaintiffs cannot rely on CPLR 3102 (c) because they are not able to satisfy its precondition to such disclosure, namely, “before an action is commenced.” Here, they do not seek pre-action disclosure to aid in drafting their original complaint, but, instead, seek such disclosure to draft their fourth amended complaint. This fact alone precludes plaintiffs’ use of CPLR 3102 (c).
In any event, even if CPLR 3102 (c) were available, plaintiffs would still not be entitled to the disclosure they seek pursuant to this provision. While pre-action disclosure may be appropriate to identify potential defendants (Matter of Uddin v New York City Tr. Auth., 27 AD3d 265, 266 [1st Dept 2006]), “it may not be used to ascertain whether a prospective plaintiff has a cause of action worth pursuing” (id. at 266) or “to explore alternative theories of liability” (id.). Furthermore, to obtain an order for pre-action disclosure, the party moving for such relief must demonstrate that he or she has a meritorious cause of action, and that the information sought is material and necessary to the actionable wrong (Holzman v Manhattan & Bronx Surface Tr. Operating Auth., 271 AD2d 346, 347 [1st Dept 2000]).
Here, plaintiffs do not meet this burden. In their memorandum of law, plaintiffs conclusorily argue, without citing to any supporting affidavit or evidentiary facts, that the requested materials prove, inter alia, “the culpability of the CDR Defendants, as well as the liability of the accountants, lawyers, and other professionals who may have given [Culligan Limited] faulty advice” (plaintiffs’ mem of law at 4), and “will allow [plaintiffs] to identify proper parties to be named, or excluded, as defendants, and will provide additional information to prove that they are, in fact, the proper plaintiffs in this action” (id. at 5). Under these circumstances, plaintiffs are essentially seeking pre-action disclosure to determine whether they have a cause of action worth pursing against the CDR defendants and other third parties, and to explore alternative theories of liability, which are improper uses of CPLR 3102 (c). Further, plaintiffs have yet to properly plead that they have standing to sue derivatively, having had four unsuccessful attempts in doing so. Indeed, the Appellate Division raised serious doubts as to plaintiffs’ ability to overcome that hurdle: “It was an abuse of discretion to approve the settlement of a derivative action *1120 purporting to bind the company and all shareholders that was obtained by plaintiffs who had not established—and may never establish—their standing to bring the action.” (Culligan Soft Water Co. v Clayton Dubilier & Rice, LLC, 144 AD3d at 611.) Based on the foregoing, plaintiffs’ pursuit of CPLR 3102 (c) disclosure amounts to nothing more than an effort to overcome their pleading shortcomings, which is not the intended use of CPLR 3102 (c). As such, that branch of the motion, pursuant to CPLR 3102 (c), seeking pre-action disclosure is denied.
Accordingly, it is ordered that the plaintiffs’ motion is denied in its entirety.