Teamsters Local 404 v. King Pharmaceuticals, Inc.

# In the
# United States Court of Appeals
# For the Second Circuit

_____

August Term, 2016

(Argued: March 27, 2017          Decided: October 16, 2018)

Docket No. 16-791-cv
_____

Teamsters Local 404 Health Services & Insurance Plan,

*Petitioner - Appellee*,

v.

King Pharmaceuticals, Inc., Meridian Medical Technologies, Inc., Pfizer, Inc.,

*Respondents - Appellants*.
_____

Before:

    HALL, LYNCH, and DRONEY, *Circuit Judges*.

_____

On appeal from an order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *J.*), granting the Petitioner's motion to remand the case to the New York Supreme Court. The district court held that it lacked federal question jurisdiction pursuant to 28 U.S.C. § 1331 over a New York Civil Practice Law and Rules § 3102(c) special proceeding for pre-action disclosure and that diversity jurisdiction under 28 U.S.C. § 1332 was barred under 28 U.S.C. § 1441(b)'s "forum defendant" rule. We hold that a petition filed in New York

Supreme Court under N.Y. C.P.L.R. § 3102(c) is not a "civil action" removable to federal court under 28 U.S.C. §§ 1441, 1446. The judgment of the district court is therefore affirmed.

AFFIRMED.

DAVID W. MITCHELL, Robbins Geller Rudman & Dowd LLP, San Diego, CA, MICHAEL MORRIS BUCHMAN (*on the brief*), Motley Rice LLC, New York, NY, for Petitioner-Appellee.

BRENDAN G. WOODARD, Robert A. Milne, Dimitrios P. Drivas, Raj Gandesha, (*on the brief*), White & Case LLP, New York, NY, for Respondents-Appellants.

HALL, *Circuit Judge*:

Respondents King Pharmaceuticals, Inc., Meridian Medical Technologies, Inc., and Pfizer, Inc., ("Respondents"), appeal from the Southern District of New York's (Kaplan, *J.*) denial of their request to remove a New York Civil Practice Law and Rules ("CPLR") pre-action disclosure petition filed by Teamsters Local 404 Health Services and Insurance Plan ("Petitioner") in New York Supreme Court. Petitioner seeks disclosure of a settlement agreement concluding a patent dispute between Respondents and the generic manufacturer of the EpiPen. *See King Pharms., Inc. v. Teva Parenteral Meds., Inc.*, No. 09-cv-00652 (D. Del. 2009). The district court remanded the case to New York Supreme Court, finding that it

2

lacked federal question jurisdiction pursuant to 28 U.S.C. § 1331 and that diversity jurisdiction pursuant to 28 U.S.C. § 1332 was barred by 28 U.S.C. § 1441(b)'s "forum defendant" rule.

We affirm the judgment of the district court, exercising our discretion to "affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 648 (2d Cir. 2009) (quoting *Doninger v. Niehoff*, 527 F.3d 41, 50 n.2 (2d Cir. 2008) (internal quotation marks and citations omitted)). We hold that a petition filed in New York Supreme Court under CPLR § 3102(c) is not a "civil action" removable to federal court under 28 U.S.C. §§ 1441, 1446.

## I.

Petitioner, an employee welfare benefits plan that provides reimbursement for the purchase price of prescription drugs, including the EpiPen, commenced a special proceeding by filing a petition in New York State Supreme Court, New York County, for CPLR § 3102(c) pre-action disclosure. Petitioner obtained an Order to Show Cause from the Supreme Court as to why disclosure of settlement agreements, licensing agreements, and any other related agreements entered into with Teva Pharmaceutical Industries, Ltd. ("Teva") should not issue.

Petitioner sought the pre-action disclosure of agreements Respondents entered into with Teva to resolve on-going patent litigation regarding Teva's creation and sale of a generic version of the EpiPen. Petitioner alleged that Teva negotiated to receive payments from Respondents to hold off bringing the generic EpiPen to market until June 2015. Petitioner asserted that disclosure of these settlement agreements would assist it in drafting a complaint by bringing to light Respondents' and Teva's "pay-for-delay" or "reverse payment" agreements, which Petitioner contended violate state consumer protection laws and state and federal antitrust laws. The basis for Petitioner's claim was that "no rational economic actor with a viable product would refrain from entering a lucrative 'blockbuster' market unless they received some form of valuable consideration." App'x at 33. In support, Petitioner filed an attorney declaration alleging that "[t]he result of these agreements was to unlawfully extend the exclusivity period, during which the [Respondents] have monopoly power over epinephrine auto-injectors," and accordingly, "[t]he agreement(s) between the . . . [Respondents] and Teva likely violate federal and state antitrust statutes, as well as state consumer protection laws." App'x at 28.

Respondents opposed the Petition for pre-action disclosure and filed a notice of removal to the Southern District of New York on June 16, 2015. Respondents argued that the pre-action disclosure request implicated the district court's jurisdiction and moved to dismiss the Petition for failure to state a claim. The basis for Respondents' motion to dismiss was that pre-action discovery of this nature is not available under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 27. Petitioner moved to remand the proceeding to New York Supreme Court, arguing that removal was untimely and that Respondents failed to allege federal subject matter jurisdiction.

The district court concluded it lacked jurisdiction and remanded the case to the New York Supreme Court. Because the decision to grant or deny pre-action disclosure depended on the construction of New York's CPLR, the district court concluded that federal question jurisdiction under § 1331 was lacking. The district court could not reach the state law question because federal law was not implicated.

The district court also determined that Respondents failed to allege complete diversity such that § 1332 diversity jurisdiction did not lie. The court first found that the notice of removal incorrectly alleged Petitioner's place of business

5

as Massachusetts without alleging that Petitioner was a corporation. It next reasoned that Petitioner was not a corporation and, therefore, its citizenship was unclear from the notice of removal. The district court speculated as to Petitioner's business form, guessing that Petitioner was an express trust. If it was, then the citizenship of Petitioner's trustees would control for purposes of its citizenship. The district court, though, did not make a finding with respect to the parties' citizenship. Instead it found that removal based on § 1332 diversity jurisdiction was improper under § 1441(b)'s "forum defendant" rule. It did so despite Petitioner's failure to raise the "forum defendant" rule within thirty days from the filing of the notice of removal. According to the district court, because the original state court action was filed in New York Supreme Court—the state in which Respondent Pfizer was a "citizen"—§ 1441(b) barred Respondents' request to remove the action to a federal forum. The district court thus remanded the action to state court.

Respondents appealed the district court's remand determination and Petitioner moved to dismiss for lack of appellate jurisdiction. On July 13, 2017, this Court denied Petitioner's motion to dismiss for lack of appellate jurisdiction. "Because the forum-defendant rule is not jurisdictional, and because it was raised

6

by the district court more than 30 days after the notice of removal was filed," we concluded that "the district court's remand order was not entirely based on grounds specified under 28 U.S.C. § 1447(c)" and was thus subject to appellate review. *Teamsters Local 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, No. 16-791 (2d Cir. July 13, 2016) (Doc. # 39).

**II.**

We review *de novo* the district court's determination that it lacked subject matter jurisdiction and its decision to remand. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2006).

Our determination here turns on a preliminary matter not addressed by the district court: whether a petition filed in New York Supreme Court under CPLR § 3102(c) for pre-action discovery is a "civil action" removable to federal court under 28 U.S.C. §§ 1441, 1446.

CPLR § 3102(c) allows a petitioner to initiate a special proceeding, before commencing a plenary action on the merits, to obtain disclosure "to aid in bringing an action, to preserve information or to aid in arbitration." N.Y. C.P.L.R. § 3102(c). Section 3102(c) petitions are not granted when the petitioner is trying "to ascertain whether he has a cause of action at all." *Holzman v. Manhattan and Bronx Surface*

7

*Transit Operating Auth.*, 707 N.Y.S.2d 159, 160 – 61 (1st Dep't 2000). Generally, the petitioner must show that he "has a meritorious cause of action and that the information sought is material and necessary" to an action to right the wrong. *Sandals Resorts Intern'l Ltd. v. Google, Inc.*, 925 N.Y.S.2d 407, 411 (1st Dep't 2011) (internal quotation marks and citation omitted). But, in those instances, § 3102(c) authorizes disclosure to determine the identity of defendants against whom a cause of action lies, discovering precise facts upon which a cause of action is based in order to frame the pleadings, and determining what form a cause of action should take. *Matter of Pelley*, 252 N.Y.S.2d 944, 945 (N.Y. Cty. Ct., Nassau Cty. 1964).

The federal removal statute provides that "[a]ny *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Thus, an action is removable if it originally could have been brought in a federal court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); C. Wright & A. Miller, 14B Federal Practice and Procedure § 3721 (4th ed.). The revision notes to § 1441 explain that the phrase

8

"civil action" is meant to be "in harmony with Rules 2 and 81(c)" of the Federal Rules of Civil Procedure. Rule 2 of the Federal Rules of Civil Procedure provides that: "There is one form of action—the civil action," eliminating the distinction between suits in law and equity. Fed. R. Civ. P. 2. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

While § 1441 describes the kinds of actions that may be removed to federal court, a subsequent section, § 1446, addresses the procedures to be followed to effect removal. One portion of the latter provision, § 1446(b), is worded slightly differently than § 1441, providing that the "notice of removal of a civil action *or proceeding* shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). Section 1446(b)'s use of the term "proceeding," some courts have found, expands the scope of the term "civil action." *See Christian, Klein, & Cogburn v. Nat'l Ass'n of Secs. Dealers, Inc.*, 970 F. Supp. 276, 278 (S.D.N.Y. 1997) (Sotomayor, J.). However, § 1446(b) also requires that some kind of "initial pleading" that sets forth a claim for relief have been received by the defendant before a notice of removal can be filed.

9

By its terms, a special proceeding under § 3102(c), for pre-action discovery, can only be brought "[b]efore an action is commenced." N.Y. C.P.L.R. § 3102(c). Once an action is commenced, an application for pre-action disclosure becomes moot. *See Matter of Johnson v. Union Bank of Switzerland, AG*, 51 N.Y.S.3d 417, 417 (1st Dep't 2017) (denying a petition for pre-action discovery where petitioners commenced an action while the petition was pending); *Culligan Soft Water Co. v. Clayton Dubillier & Rice, LLC*, 51 N.Y.S.3d 810, 812 (N.Y. Sup. Ct. 2017) ("[Plaintiffs] do not seek pre-action disclosure to aid in drafting their original complaint, but, instead, seek such disclosure to draft their Fourth Amended Complaint. This fact alone precludes plaintiffs' use of CPLR 3102(c).").

The adequacy of a CPLR § 3102 petition "rests within the sound discretion" of the trial court. *In re Peters*, 821 N.Y.S.2d 61, 66 (1st Dep't 2006) (internal quotation marks omitted). But, CPLR § 3102 is not in itself a substantive cause of action. This Court has previously affirmed a district court's conclusion that § 3102 is simply a procedural device. *Bryant v. Am. Fed'n of Musicians of the United States and Canada*, 666 F. App'x 14, 15 (2d Cir. 2016) (summary order).

Courts both within this Circuit and elsewhere have had difficulty determining whether state pre-action discovery mechanisms are removable. *See*

10

*Johnson v. Cty. of Suffolk*, 280 F. Supp. 3d 356, 361 (E.D.N.Y. 2017) (collecting cases);

*Barrows v. Am. Airlines, Inc.*, 164 F. Supp. 2d 179, 181 – 82 (D. Mass. 2001) (finding

a petition under the Massachusetts pre-suit discovery mechanism was not a "civil

action" removable to federal court). This has resulted both from the differing

language of §§ 1441 and 1446 and from the fact that, in New York, a § 3102(c)

petition does not state a cause of action and name parties with the same precision

as a complaint, leaving federal courts to determine whether federal question or

diversity jurisdiction is proper without the information that would be available in

a conventional complaint.

In *Manhasset Office Grp. v. Banque Worms*, No. 87-cv-3336, 1998 WL 102046 at

*1 (E.D.N.Y. Sept. 20, 1988), then-District Judge McLaughlin addressed this very

question, focusing on the language of 28 U.S.C. § 1446. Judge McLaughlin noted

that § 3102(c) is used before an action is commenced and service of the complaint

has been effected. *Id*. (internal quotation marks omitted). But, "[t]he removal

statute, 28 U.S.C. § 1446, which must be strictly construed against removal,

implicitly requires that some sort of initial pleading be extant before case is ripe

for removal." *Id*. The district court held that where no action is commenced, nor

11

pleadings nor summons served, removal is premature and the federal court lacks jurisdiction. *Id*.

Then-Judge Sotomayor and Judge Rakoff later disagreed with Judge McLaughlin to some extent. In *Christian, Klein, & Cogburn*, Judge Sotomayor stated that "*Manhasset*, however, failed to acknowledge that Section 1446(b) refers not only to the removal of 'actions' based on 'initial pleadings,' but also to the removability of 'proceedings' based on 'initial pleadings." 970 F. Supp. at 278 (citing 28 U.S.C. § 1446(b) (setting out the requirements for the "notice of removal of a civil action or proceeding")). Judge Sotomayor thus held that § 1446 effectively broadens the meaning of a "civil action" for removal purposes. *Id*.

In *Dublin Worldwide Prods., Inc. v. Jam Theatricals Ltd.*, 162 F. Supp. 2d 275, 277 (S.D.N.Y. 2001), Judge Rakoff agreed with *Christian, Klein, & Cogburn* but noted that he would do so "even without reference to § 1446(b)." *Id.* at 277 – 78. To Judge Rakoff, because a request under § 3102(c) will be granted only if the petitioner has a cause of action, "[a] request for discovery under C.P.L.R. § 3102(c) is therefore ancillary to an existing cause of action that the requesting party proposes to bring, and it is the elements of that civil action, rather than the ancillary discovery request, that should determine removability." *Id*. at 278.

In *Bryan v. Am. West Airlines*, 405 F. Supp. 2d 218, 221 – 22 (E.D.N.Y. 2005), Judge Gershon drew factual comparisons to and distinctions from the cases outlined above and other analogous precedent from around the country to reach her conclusion. Ultimately, Judge Gershon found more persuasive the cases holding that § 3102(c) petitions are not removable. *Id*. at 222. But to reach a decision, Judge Gershon had to examine the § 3102(c) petition for pre-action discovery to see if it implicated federal question jurisdiction. *Id*. *Bryan* illustrates the need for a clear answer to the question we now answer.

To decide whether § 3102(c) petitions are removable, we must assess the merits of the competing arguments. Section 1441 is the federal statute governing what can be removed from state to federal court. That section provides that only a "civil action" can be removed. 28 U.S.C. § 1441(a). In contrast, § 1446 outlines the procedures for removing a "civil action." The text of § 1446 varies slightly from that in § 1441. Section 1446 refers to the procedure for removing a civil action or "proceeding." But it is § 1441, not § 1446, that governs what is eligible for removal. Section 1446, titled "Procedure for removal of civil actions," merely defines the procedures relating to removal; it does not define what kind of proceedings are removable—that is the ambit of § 1441.

Moreover, a careful reading of § 1446 suggests that the stray references to "proceeding[s]" cannot have been intended to expand the reach of matters removable to federal court as defined in § 1441. Tellingly, the term "proceeding" is used (twice) only in § 1446(b), which addresses the time limit for filing a notice of removal in a civil case. But § 1446(a), which opens the section governing removal procedures and defines the necessary contents of the notice of removal, refers only to the removal of "any *civil action* or criminal prosecution." (Emphasis added). When, after a subsection devoted to removal of criminal cases, the statute returns to the next step in a removed civil case, the provision of notice to the parties in the case, it again refers to what must be done "[p]romptly after the filing of such notice of a removal of a *civil action*," omitting the word "proceeding." 18 U.S.C. § 1446(d) (emphasis added). Such an inconsistent and stray use of a term, "proceeding," not found elsewhere in the chapter of Title 28 that deals with removal, cannot have been intended to expand the scope of the provision, § 1441, which was deliberately designed to define the scope of removal. Accordingly, we are not persuaded by the conclusion of the district court in *Christian, Klein & Cogburn*, 970 F. Supp. at 278, that § 1446 broadens the meaning of "civil action" for removal purposes.

In addition, since CPLR § 3102(c) is, by definition, limited to those instances in which an action has not been commenced, we conclude that a § 3102(c) petition does not institute a "civil action" under § 1441. Were we to hold otherwise, we would force the district courts to decide if they have subject matter jurisdiction before a complaint has been filed or a cause of action stated, as the courts in *Dublin Worldwide* and *Bryan* felt compelled to do. 162 F. Supp. 2d at 277 – 78; 405 F. Supp. 2d at 221 – 22. At the time a § 3102(c) petition is filed, the scope of future litigation, if any, is uncertain, as that petition does not commit the petitioner to any future course of action. The petitioner might well, either because of what is learned from the discovery sought or simply due to a change of strategy, sue different parties or assert different causes of action, pursue solely state claims, seek arbitration, or decide not to take any legal action at all. The nebulous nature of potential claims and parties in the hypothetical future action to which the § 3102(c) petition relates puts district courts in the difficult situation of determining subject matter jurisdiction without adequate pleadings to assess. We thus disagree with the theory underlying *Dublin Worldwide*, 162 F. Supp. 2d at 277 – 78, that the district court should turn to the putative cause of action lurking behind the § 3102(c) petition.

15

Permitting removal of petitions under § 3102(c), moreover, would significantly undermine New York's policy of granting potential litigants a forum to obtain information to assist in deciding how, or whether, to institute a civil action. In contrast to § 3102(c), the Federal Rules of Civil Procedure do not authorize comparable discovery. Rule 27(a) authorizes pre-action discovery only for the preservation of testimony and requires that the petitioner unequivocally state that he expects to be a party to an action. Fed. R. Civ. P. 27(a); *see Bryant*, 2016 WL 6561490, at *1. The removal of a § 3102(c) proceeding, therefore, would almost invariably result in its dismissal. Nothing in the removal provision of Title 28 suggests that Congress intended to pre-empt state remedies resembling § 3102(c) whenever a defendant identifies a possible federal claim or a potential diversity suit in the vague contours of a § 3102(c) petition.

Finally, our conclusion is consistent with our mandate to construe the removal statute narrowly, and "resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks and citation omitted, alteration in original); *see Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("[S]tatutory procedures

16

for removal are to be strictly construed."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 – 09 (1941).

Accordingly, we agree with Judge McLaughlin that a § 3102(c) petition cannot be removed to federal court.

## III.

For the foregoing reasons, the district court's decision to remand this case to the New York Supreme Court is AFFIRMED.