**U.S.E. PRODUCTIONS, LTD. and Ultimate Shows & Entertainment, Inc., Plaintiffs,**

v.

**MARVEL ENTERPRISES, INC. and Marvel Characters, Inc., Defendants.**

**No. 04 Civ. 1708(VM).**

United States District Court, S.D. New York.

March 30, 2004.

David Fleischer, John Michael Magliery, Paul, Hastings, Janofsky & Walker LLP,

New York, NY, for Marvel Characters, Inc.

David M. Schreier, New York, NY, for U.S.E. Productions, Ltd.,

## DECISION AND ORDER

MARRERO, District Judge.

The defendants filed a notice of removal in this action based upon the alleged diversity of the parties. Because the defendants have yet to be served with an initial pleading, the Court concludes that removal is premature and *sua sponte* orders the case to be remanded back to state court.

### I. BACKGROUND

Plaintiffs U.S.E. Productions, Ltd. ("U.S.E.") and Ultimate Shows & Entertainment, Inc. ("Ultimate Shows," and collectively, "Plaintiffs") filed a summons with notice in New York state court against defendants Marvel Enterprises, Inc. and Marvel Characters, Inc. (collectively "Marvel"), seeking a preliminary injunction (or, in the alternative $2 million in damages) for tortious interference with contract and breach of contract. The notice states that "Plaintiff" (without identifying which one) resides in New York, and it lists Marvel's address as also in New York. The notice—as is permitted under New York law—does not explain any further the nature of the action.

Marvel filed a notice of removal in this Court on the ground that the Court would have original jurisdiction based upon the diversity of the parties. *See* 28 U.S.C. § 1332. Marvel apparently has some idea of the nature of this lawsuit because its petition for removal identifies the contract which it believes is the subject matter of the summons with notice. Marvel's petition contends that Ultimate Shows, a New York corporation, was fraudulently joined as a plaintiff to defeat diversity. Marvel

asserts that U.S.E., a British company with its principle place of business in London, is the only real party in interest to this action.

## II.  *DISCUSSION*

Under New York law, "[a]n action is commenced by filing a summons and complaint or summons with notice." N.Y. C.P.L.R. § 304. The "notice" portion of a summons with notice is much less formal than a complaint; a plaintiff need only state "the nature of the action and the relief sought, and ... the sum of money for which judgment may be taken in case of default." *Id.* § 305(b). However, the plaintiff must eventually file a formal complaint for the lawsuit to go forward. *See id.* § 3012(b). The federal removal statute states that a notice of removal "shall be filed within thirty days *after* the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446 (emphasis added). The issue before the Court is whether the summons with notice counts as an "initial pleading" within 28 U.S.C. § 1446, such that Marvel may remove, or whether Marvel must wait until it is served with the complaint.

The Second Circuit has held that a summons with notice under New York law "*may* constitute an initial pleading for purposes of the federal removal statute." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir.2001) (emphasis added). A summons with notice is considered an "initial pleading" for these purposes where the defendant is able to "intelligently ascertain" removability from the face of the summons. *Id.* at 205 (internal quotation marks and citation omitted). A defendant that is unable to ascertain removability from the face of the summons with notice would be unable to make a short and plain statement of the grounds for removal as required by 28 U.S.C.

§ 1446(a), and in such cases, the complaint serves as the initial pleading. *Id.* Importantly, courts look only to the face of the summons with notice to determine whether it will serve as the initial pleading, or whether the complaint will be considered the initial pleading. *Id.* ("[T]he relevant test is not what the defendants purportedly knew, but what [the document] said.") (quoting *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993)) (alteration in original).

From the face of this summons with notice, the basis for removability is far from ascertainable because it identifies Plaintiffs and Marvel as both residing in New York and it states two state law causes of action. Accordingly, it does not qualify as an "initial pleading" for purposes of 28 U.S.C. § 1446. Marvel's petition is therefore premature. Once it is served with a complaint in state court, Marvel will, of course, have thirty days within which to file a new petition for removal, assuming, as Marvel contends here, that this lawsuit is ultimately removable.

## III.  *ORDER*

For the reasons stated, it is hereby

**ORDERED** that this action is remanded to New York Supreme Court, New York County.

The Clerk of Court is directed to close this case.

**SO ORDERED.**