**John DOE, Petitioner,**

v.

**NASSAU COUNTY POLICE DEPART-MENT, Thomas C. Krumpter, and The County of Nassau Respondents.**

**16–cv–5524 (SJF)(GRB)**

United States District Court, E.D. New York.

Signed 12/09/2016

Vincent Grande, III, Massapequa, NY, for Petitioner.

Andrew Kenneth Preston, Bee Ready Fishbein Hatter & Donovan LLP, Pablo A. Fernandez, Mineola, NY, for Respondents.

### ORDER

FEUERSTEIN, District Judge:

By way of a September 29, 2016 Petition and Order to Show Cause filed in the Supreme Court of the State of New York, County of Nassau, Petitioner John Doe ("Petitioner") sought to quash a civil subpoena issued by Respondents Nassau County Police Department ("NCPD"), the County of Nassau ("Nassau County"), and acting NCPD Commissioner Thomas C. Krumpter (collectively, "Respondents"). *See* Docket Entry ("DE") [1–1]. On October 4, 2016, the NCPD and Krumpter (together, the "Police Respondents") filed a Notice of Removal, removing Petitioner's motion to quash to this Court pursuant to 28 U.S.C. § 1441(a).[1] *See* Notice of Removal ("Notice"), DE [1], ¶ 4. For the reasons set forth herein, the Court lacks subject matter jurisdiction over Petitioner's motion to quash, and this action is *sua sponte* remanded to the Supreme Court of the State of New York, County of Nassau.

## I. BACKGROUND

In a September 7, 2016 Subpoena Duces Tecum (the "Subpoena") issued in relation to "a Departmental Disciplinary Proceeding concerning an employee of the Nassau County Police Department," Krumpter demanded that Facebook produce "all identifying subscriber account information, including names, addresses, email addresses, recent login IP addresses, and contact numbers" for Petitioner's Facebook account. *See* Petition ("Pet."), DE [1–1], at Ex. A. In his September 29, 2016 Petition and Order to Show Cause, Petitioner sought to quash the Subpoena on the grounds that: (i) the Stored Communications Act of 1986 ("SCA"), 18 U.S.C. § 2701 *et seq.*, "limits the government's right to compel providers to disclose information in their possession about their customers and subscribers"; (ii) Krumpter was "using his Civil Subpoena authority to fish for evidence in a Criminal Matter"; and (iii) as acting commissioner of the NCPD, Krumpter lacked subpoena power

---

1. Nassau County consented to removal as required pursuant to 28 U.S.C. § 1446(b)(2)(A). *See* DE [1–2].

pursuant to the Nassau County Administrative Code. Pet. ¶¶ 5, 9–13.

In their October 4, 2016 Notice of Removal, the Police Respondents claimed that this "Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331." Notice ¶ 4. According to the Police Respondents, the Petition "alleges, *inter alia*, that [Krumpter], as acting Commissioner of Police of the County of Nassau, violated the federal Stored Communications Act of 1986 …." *Id.* at ¶ 3. In an October 7, 2016 letter to the Court, the Police Respondents disputed that Krumpter was "using a civil subpoena to gather evidence in a criminal matter," writing that, "[a]t this point in time, what is contemplated is a police disciplinary case." DE [8] at 2.

## II. DISCUSSION

■ Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." *Id.* at § 1446(b). Therefore, the removal statute "implicitly requires that some sort of 'initial pleading' be extant before a case is ripe for removal." *Manhasset Office Grp. v. Banque Worms*, No. 87–CV–3336, 1988 WL 102046, at *1 (E.D.N.Y. Sept. 20, 1988). Although the Second Circuit "has not addressed the question of what constitutes an 'initial pleading' for purposes of Section 1446(b)," *Christian, Klein, & Cogburn v. Nat'l Ass'n*

*of Sec. Dealers, Inc.*, 970 F.Supp. 276, 278 (S.D.N.Y. 1997), courts in the Second Circuit have held that a state court petition for discovery is "subject to removal if it … initiated an action or proceeding and … set forth a claim for relief." *Bryan v. Am. W. Airlines*, 405 F.Supp.2d 218, 220 (E.D.N.Y. 2005). Where a notice of removal is filed prior to the commencement of an action or receipt of an initial pleading, the court must remand the matter to state court. *Id.*; *see also U.S.E. Prods., Ltd. v. Marvel Enters., Inc.*, 314 F.Supp.2d 213, 215 (S.D.N.Y. 2004) (*sua sponte* remanding an action to state court where the defendants had not been served with an initial pleading).

■ As Petitioner does not seek relief from Respondents in the Supreme Court, Nassau County, the Petition and Order to Show Cause are not "initial pleadings" sufficient to confer jurisdiction over Petitioner's motion to quash. *Bryan*, 405 F.Supp.2d at 221 (holding that an order to show cause "for the limited purpose of obtaining discovery" was "not subject to removal because it [was] not a civil action—it [was] a request for discovery, nothing more") (internal quotation omitted). Even accepting as true Respondents' representation that Petitioner alleges that Krumpter "violated the federal Stored Communications Act of 1986," Notice ¶ 3, Petitioner does not seek to recover from Respondents for any such violation. Rather, Respondent seeks to prevent Facebook from disclosing his identifying information to Respondents in conjunction with "a police disciplinary case." DE [8] at 2. As no initial pleading was filed in the Supreme Court, Nassau County, there was no civil action ripe for removal to this Court. *See U.S.E. Prods., Ltd.*, 314 F.Supp.2d at 215.

■ Further, although a state court petition for pre-action discovery may be considered an "initial pleading" for purposes

of removal, Petitioner does not seek discovery that will aide in advancing claims arising under the laws of the United States.[2] *See, e.g., Dublin Worldwide Prods. (USA), Inc. v. Jam Theatricals, Ltd.*, 162 F.Supp.2d 275, 277 (S.D.N.Y. 2001) ("Since a petition or order to show cause under C.P.L.R. 3102(c) sets forth a civil cause of action as to which pre-complaint discovery is requested, it follows from the language of § 1446(b) that if that cause of action falls within federal jurisdiction the 3102(c) 'proceeding' is removable.") (internal citation omitted); *Christian, Klein, & Cogburn*, 970 F.Supp. at 278–79 (holding that a petition for pre-action discovery in New York state court was properly removed where the petitioner "invoke[d] violations of federal securities laws as a basis for its pre-complaint discovery," which gave the respondent "adequate notice that at least some of petitioner's claims will arise under the laws of the United States"). As discussed above, although Petitioner relies upon the SCA in seeking to prevent disclosure of his identifying information, he does not seek to assert claims arising thereunder. Therefore, the Petition and Order to Show Cause were not initial pleadings, and the Court lacks subject matter jurisdiction over Petitioner's motion to quash the Subpoena.

### III. CONCLUSION

For the reasons set forth herein, the Court lacks jurisdiction over Petitioner's motion to quash and remands this action to the Supreme Court of the State of New York, County of Nassau.

**SO ORDERED.**

**2.** This line of case law addresses N.Y. C.P.L.R. 3102, which provides that, "[b]efore an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." N.Y. C.P.L.R. 3102(c).