■ In the Matter of SHERRY LYNN CHAMPION, Respondent, v METROPOLITAN TRANSIT AUTHORITY et al., Respondents, and MTA NEW YORK CITY TRANSIT et al., Appellants. [895 NYS2d 399]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 29, 2009, which granted petitioner's motion for preaction discovery to the extent of directing that respondents provide certain discovery and inspection of evidence within 30 days of service of a copy of the order, and continuing the stay in the order to show cause prohibiting respondents from altering, changing, repairing, servicing, modifying, moving, selling or in any other way disposing of any vehicle(s) and/or plow(s) utilized by respondents for any snow removal operations on the date of the hit and run motor vehicle accident at or near the subject intersection, unanimously modified, on the law, to strike the direction that respondents produce items 2 (d), (e), (f), (g), (h), (j), (k), (m) and (n), limit the production of items 2 (b), (c) and (o) to materials concerning the designated area between the hours of 9:00 A.M. and 11:00 A.M., and vacate the stay, and otherwise affirmed, without costs.

While petitioner has alleged sufficient facts to support her claim that respondents were negligent in operating the motor vehicle that caused her injury, she has failed to allege any facts supporting her negligent maintenance claim. Petitioner's requests for items 2 (d), (e), (f), (g), (h), (j), (k), (m) and (n) serve no purpose other than to determine whether facts exist to support a cause of action related to a defect in the motor vehicle or the attached plow, which is not an appropriate use of CPLR 3102 (c) (*see Holzman v Manhattan & Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347-348 [2000]). Because petitioner has not offered facts sufficient to support a negligent maintenance claim or any other claim that would require respondents' vehicles and plows to be produced or inspected, the IAS court's stay should be vacated.

Petitioner's requests for items 2 (b), (c) and (o) are material and necessary to petitioner's viable negligent operation claim, because they will assist her in identifying prospective defendants, particularly the operator of the motor vehicle, and in framing her complaint (*see Christiano v Port Auth. of N.Y. & N.J.*, 1 AD3d 289 [2003]). However, the order was overly broad with respect to those items, because there was no time limitation (*id.*). Since petitioner sought disclosure regarding an accident that allegedly occurred around 10:00 A.M., the order should be modified as indicated above. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.