MELINDA SIMS et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [996 NYS2d 529]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered on or about June 3, 2013, which, to the extent appealed from as limited by the briefs, granted petitioners' application for pre-action disclosure of records of "mechanical malfunctions with respect to the movement [and/or] stopping of trains" operating on certain subway tracks within a specified 13-hour period, unanimously affirmed, without costs.

There is no reason to alter the court's discretionary determination that petitioners have potentially viable causes of action for negligence and mishandling of decedent's body, and that the information sought would materially assist them in framing their complaint and identifying prospective defendants (*see Walker v Sandberg & Sikorski Corp. Firestone, Inc.*, 102 AD3d 415 [1st Dept 2013]; *Matter of Champion v Metropolitan Tr. Auth.*, 70 AD3d 587 [1st Dept 2010]; CPLR 3102 [c]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.

In the Matter of JERMAINE HAYWOOD, Petitioner, v MELISSA JACKSON, Respondent. [997 NYS2d 96]—The above-named petitioner having presented an application to this Court praying for an order, pursuant to article 78 of the Civil Practice Law and Rules, now, upon reading and filing the papers in said proceeding, and due deliberation having been had thereon, it is unanimously ordered that the application be and the same hereby is denied and the petition dismissed, without costs or disbursements. Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.