**Matter of CCNY Constr., Inc. v West 161 St. Assoc., LLC**

2024 NY Slip Op 31030(U)

March 26, 2024

Supreme Court, New York County

Docket Number: Index No. 653813/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                           PART                 **56M**

                                                     *Justice*

--------------------------------------------------------------------------------X

In the Matter of                                     INDEX NO.          653813/2023

CCNY CONSTRUCTION, INC.,                             MOTION DATE        11/08/2023

                          Petitioner,                MOTION SEQ. NO.        001

                  - v -

WEST 161 ST. ASSOCIATES, LLC, and ACIES GROUP,       **DECISION, ORDER, AND**
LLC,                                                 **JUDGMENT**

                          Respondents.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for                    DISCOVERY - PRE-ACTION                    .

In this proceeding pursuant to CPLR 3102(c), 7505, and 2318(b), the petitioner seeks

pre-action disclosure from the respondents, in aid of an arbitration demanded against it by the

respondent West 161 St. Associates, LLC (West 161), and to frame a complaint against Peter

Witt, a reputed principal of the respondent Acies Group, LLC (Acies). The petitioner seeks this

disclosure in the form of the issuance of so-ordered subpoenas directed the respondents, Witt,

and others. The respondents oppose the petition. The petition is denied, and the proceeding is

dismissed.

On July 18, 2022, West 161 demanded arbitration of an $800,000 claim against the

petitioner, its construction contractor, alleging that it had discovered latent defects in the

construction of certain components within various sections and elevations of the exterior facade

of an apartment building that it owned at 607 West 161st Street in Manhattan. In particular,

West 161 contended that the petitioner had done insufficient or improper work, inasmuch as it

left open sealant joints at metal copings and skyward joints, open vertical joints on the 1st

**653813/2023   CCNY CONSTRUCTION, INC. vs. WEST 161 ST. ASSOCIATES LLC ET AL          Page 1 of 4**
  **Motion No.  001**

1 of 4

[* 1]

through 3rd and 9th floors, an uplifting metal coping cover at a vertical flange, a metal coping cover that was fastened to the substrate at the skyward face, and open vertical and horizontal mortar joints at thin brick veneer panels and out-of-plumb masonry thin brick veneer panels on the 2nd through 8th floors.

According to the petitioner, it had retained Albarius, LLC (Albarius), as a subcontractor to perform the work about which West 161 had complained. It further contended that Alcies is either the new name of Albarius or the successor-in-interest to Albarius. As to the other persons and entities upon whom the petitioner seeks to serve a judicial subpoena, Witt is a principal of Albarius who signed the relevant subcontract with the petitioner, Dale Group is the insurance agent that was involved with the procurement of insurance for both Albarius and Acies, and Robert Ushkevich is a representative of National Claims Services, a third-party administrator for United Specialty Insurance Company, which purportedly provided coverage only to Albarius.

The petitioner asserted that, after West 161 demanded arbitration, the petitioner made a third-party arbitration claim for contribution against Albarius and Acies, as Albarius's successor-in-interest.

The petitioner alleged that it needed extensive court-ordered disclosure to frame a complaint sounding in fraud against Witt for misrepresentations that he allegedly made to the petitioner concerning the nature and extent of insurance coverage that he was purportedly obligated to secure for it. It further asserted that it needed to ascertain the true relationship between Albarius and Acies, particularly whether Albarius is an ongoing, viable concern.

CPLR 3102(c) authorizes a court to permit a party to conduct pre-action disclosure to aid in framing a complaint and in identifying prospective defendants (*see Sims v Metropolitan Transp. Auth.*, 123 AD3d 496, 496 [1st Dept 2014]; *Walker v Sandberg & Sikorski Corp. Firestone, Inc.*, 102 AD3d 415, 415 [1st Dept 2013]; *Matter of Champion v Metropolitan Tr. Auth.*, 70 AD3d 587, 588 [1st Dept 2010]). A petitioner seeking leave to conduct pre-action

disclosure must demonstrate that he or she has a potentially viable cause of action against some person or entity, and that the disclosure sought is material and necessary to the proof of an actionable wrong (*see Matter of Woodbridge Structured Funding, LLC v Pissed Consumer*, 125 AD3d 508, 508 [1st Dept 2015]; *Matter of Peters v Sotheby's Inc.* 34 AD3d 29, 34 [1st Dept 2006]; *Liberty Imports v Bourguet*, 146 AD2d 535, 536 [1st Dept 1989]). The resort to pre-action disclosure, however, "is not permissible as a fishing expedition to ascertain whether a cause of action exists" in the first instance (*id.* at 536).

The petitioner has not established the need to obtain pre-action disclosure from Witt to frame a complaint against him sounding in fraudulent misrepresentation. The person to whom a representation has been made already has knowledge of facts sufficient to know the nature and substance of the fraudulent representation, who made it, when it was made, and whether he or she relied on the representation to his or her detriment.

As to the purported need to ascertain the current status of Albarius, or its relationship with Alcies, whether the petitioner is or should be covered by insurance policies obtained by Albarius or Alcies, or the purported need to obtain information from various insurers, risk managers, and brokers, the court notes, in the first instance, that a proceeding for pre-action disclosure is an inappropriate device to obtain this information. Rather, the appropriate vehicle would be the commencement of an action against an insurer for a judgment declaring that the petitioner is covered under one or more insurance policies that its subcontractor was obligated to obtain, or, if not barred by an arbitration clause, either an action declaring that its subcontractor failed to obtain the necessary coverage or one to recover for breach of contract for failure to procure such coverage. In the course of litigating those actions, the petitioner could avail itself of all disclosure devices authorized by the CPLR. Moreover, the respondents correctly pointed out that some of the contents of certain claims investigation files maintained by insurers are not discoverable.

**653813/2023   CCNY CONSTRUCTION, INC. vs. WEST 161 ST. ASSOCIATES LLC ET AL**          Page 3 of 4
 **Motion No.  001**

3 of 4

The court notes that, in any event, CPLR 7505 provides that the arbitrator, or an attorney of record for any party to an arbitration, has authority to issue subpoenas to parties and nonparties alike to compel testimony at the arbitration hearing or the production of documents for use at the arbitration hearing. The record does not reflect that the petitioner availed itself of any of the recognized preliminary avenues for discovery, "such as requesting a hearing at which witnesses could be called (*see* CPLR 7506[c]) [or] asking the arbitrator to issue subpoenas to procure documentary evidence (*see* CPLR 7505; *see also* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7505, at 682-683 [1998])" (*Matter of Progressive Northeastern Ins. Co. v New York State Ins. Fund*, 56 AD3d 1111, 1114 [3d Dept 2008]). Further, the petitioner's attorney has not demonstrated that he issued subpoenas pursuant to CPLR 7505, or that any court has ruled on a request for a protective order quashing or limiting those subpoenas. An application "to the court for an order directing disclosure in aid of arbitration upon a showing of extraordinary circumstances" is only a "last resort" (*id.*), and the court concludes that the petitioner has not made the required showing of extraordinary circumstances to warrant the pre-action disclosure that it seeks.

Accordingly, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

This constitutes the Decision, Order, and Judgment of the court.

| __3/26/2024__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **JOHN J. KELLEY, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]