| |
|---|
| **Anderson v New York City Tr. Auth.** |
| 2024 NY Slip Op 32178(U) |
| June 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153805/2024 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: __HON. RICHARD TSAI__          PART          21

                              *Justice*

-----------------------------------------------------------------------------X

ARLEEN ANDERSON,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 153805/2024 |
| **MOTION DATE** | 04/23/2024 |
| **MOTION SEQ. NO.** | 001 |

                              Petitioner,

- v -

NEW YORK CITY TRANSIT AUTHORITY, MANHATTAN
AND BRONX SURFACE TRANSIT OPERATING
AUTHORITY and METROPOLITAN TRANSPORTATION
AUTHORITY,

**DECISION + ORDER ON
PETITION**

                              Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1-28

were read on this petition for          DISCOVERY - PRE-ACTION          .

Upon the foregoing documents and after having conferenced this motion[1], it is **ADJUDGED** that the petition is **GRANTED TO THE EXTENT** that the respondents are directed to produce, within 30 days of being served with a copy of this decision with notice of entry:

1) complete copies (i.e., unedited and uncut) of any and all videos, recordings, photographs or other surveillance materials recorded by an Omnibus identified as Bus #5923, that depict an unidentified motor vehicle which made contact with Bus #5923 on March 1, 2024; and

2) copies of any Accident report, Supervisor's Report, Bus Operator's Report, or other similar document which contains either the license plate number, name of the driver, or name of the owner of the vehicle which made contact with Bus #5923 on March 1, 2024;

and it is further

---

[1] Although the justice who signed the order to show cause did not give petitioner leave to submit reply papers, this court will permit petitioner's submission of reply papers given that said papers were necessary for petitioner to inform the court that the exhibits submitted in opposition to the motion "do not pertain to the instant under-lying motor vehicle accident" (Letter seeking leave to submit reply papers [NYSCEF Doc. No. 23] at 1). Further, there does not appear to be any prejudice to respondents in allowing submission of the reply papers.

[* 1]

**ADJUDGED** that respondents may redact information that otherwise does not pertain to the identity of the owner and/or operator of the unidentified vehicle; and it is further

**ADJUDGED** that respondents are hereby **RESTRAINED** and **ENJOINED** from destroying, disposing of, modifying, or altering any of the materials listed above; and it is further

**ORDERED** that the status conference in this matter scheduled for October 31, 2024 at 9:30 AM is **CANCELED**; and it is further

**ORDERED** that petitioner shall commence an action and purchase a new index number in the event a lawsuit is filed arising from this pre-action discovery.

> "Under CPLR 3102(c), a plaintiff may petition the court to obtain discovery before service of a complaint. Pre-action discovery may be appropriate to preserve evidence or to identify potential defendants; however, it cannot be used by a prospective plaintiff to ascertain whether he has a cause of action at all. A petition for pre-action discovery should only be granted when the petitioner demonstrates that he has a meritorious cause of action and that the information sought is material and necessary to the actionable wrong"

(*Holzman v Manhattan and Bronx Surface Tr. Operating Auth.*, 271 AD2d 346, 347 [1st Dept 2000] [internal quotation marks and citations omitted]).

In this proceeding for pre-action disclosure, petitioner avers that on March 1, 2024 at approximately 5:15 a.m., she was "injured, while a lawful passenger on respondents' Omnibus, Bus #5923," when an unidentified vehicle (the "Unidentified Vehicle") collided with respondents' bus, at Lexington Avenue and East 39th Street in Manhattan (petition [NYSCEF Doc. No. 1] ¶ 3). Petitioner further avers that she remained on the bus until she was removed by ambulance personnel and taken to the hospital (*id.* ¶ 4). Petitioner further avers that before she was removed from the bus, she overheard "an individual whose name I do not know, and who had apparently witnessed the accident, give the plate number of the other motor vehicle to the bus operator" (*id.* ¶ 5). As such, petitioner is seeking to obtain information to identify the owner and operator of the Unidentified Vehicle.

In opposition, respondents contend that petitioner has not demonstrated a meritorious cause of action, arguing specifically that petitioner has not demonstrated that "she sustained a "serious injury" as defined in Insurance Law § 5102 (d)" (affirmation in opposition [NYSCEF Doc. No. 19] ¶ 8). Further, during yesterday's conference, respondents' counsel presented a letter sent to petitioner which listed a license plate number and annexed a still video image of the Unidentified Vehicle. However, there was no dispute that the license plate number provided by respondents, in the letter, did not produce a result from a DMV search, and there is no dispute that

153805/2024   ANDERSON, ARLEEN vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 22 of 4
Motion No.  001

2 of 4

[* 2]

the license plate number on the Unidentified Vehicle is illegible in the photograph provided.

During yesterday's conference, petitioner's counsel stated that he was unable to pull an MV-104 report for the accident—as suggested by respondents' counsel—because he did not know the name of the bus operator or the owner of the bus (i.e. whether it was owned by New York City Transit Authority or MaBSTOA). Respondents' counsel could not disclose whether respondents were in possession of the subject MV-104 report for the subject accident.

This court exercises its discretion to grant this petition, but the court will allow respondents to redact any information that does not pertain to the identity of the owner or driver of the other vehicle. Petitioner has demonstrated that she has a meritorious cause of action as she avers that she was injured in a motor-vehicle accident that, at the very least, was arguably caused by the negligence of the other vehicle that fled the scene—and may also have been caused by the negligence of the operator of the bus.

The court rejects respondents' argument that, for the purposes of obtaining pre-action discovery, petitioner must demonstrate that her injuries met the serious injury threshold under Insurance Law § 5102 (d). In the court's view, such a burden would be too high to obtain pre-action discovery. Given that the "serious injury" threshold could be met under the 90/180 day category, accepting respondents' argument could effectively deprive the petitioner from obtaining pre-action discovery until 91 days after the date of the motor vehicle collision, when evidence might be lost because petitioner was forced to wait to demonstrate merit. Petitioner's averments concerning the happening of the accident and her being taken away by ambulance are sufficient for establishing the potential merit to her suffering a serious injury on this petition for the purposes of obtaining pre-action disclosure (*see generally Matter of Westbrook v Metropolitan Transp. Auth.*, 226 AD3d 692, 693 [2d Dept 2024]).

Likewise, petitioner has demonstrated that the information sought is material and necessary, as it pertains directly to the identity of the owner and/or operator of the Unidentified Vehicle that fled the scene after being involved in the motor-vehicle accident that injured petitioner. Because the letter and still image that respondents provided petitioner have not identified the owner and/or operator of the Unidentified Vehicle, petitioner is entitled to any other information in respondents' possession that might reveal the owner and/or operator's identity, including video or photographic footage of the other vehicle.

Respondents' reliance on *White v New York City Transit Authority*, (198 AD3d 557 [1st Dept 2021]), for the proposition that petitioner is not entitled to video footage, is misplaced.

In *White*, the petitioner sought pre-action disclosure of "video camera recordings taken on the bus involved in petitioner's trip-and-fall on the date of the accident" (198 AD3d 557). The Appellate Division, First Department reasoned that because petitioner

153805/2024   ANDERSON, ARLEEN vs. NEW YORK CITY TRANSIT AUTHORITY ET AL          Page 33 of 4
Motion No.  001

3 of 4

already "knew the date of the accident, the place of the accident, the individuals or entities involved in the accident, and the alleged cause of the accident", the only purpose of "reviewing the video camera recordings would be to explore whether additional causes of action or alternative theories of liability existed, which is not a proper purpose for invoking CPLR 3102(c)" (*id.*). Here, however, the purpose of reviewing the video footage of the accident is to aid the petitioner in obtaining the identity of the owner and/or operator of the Unidentified Vehicle, and to reiterate, the court is only requiring respondents to produce the video footage that depicts the other vehicle.

In short, it appears that respondents may be in possession of information that could assist petitioner in identifying the owner and/or operator of the Unidentified Vehicle that was involved in the accident, and petitioner is entitled to such information.

20240628144452RTSAI8F5509B69CA84FE3B37B28C4E7FD7F03

| **6/28/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD TSAI, J.S.C.** | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153805/2024   ANDERSON, ARLEEN vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**          Page 44 of 4
**Motion No.  001**

[* 4]                                                    4 of 4